## VAN RENSSELAER *vs.* SECOR.

Where the execution of a deed is duly proved, and it is read in evidence, on the trial, without objection, it is too late to object, at the close of the case, that the plaintiff has not shown a *delivery*. Execution includes delivery.

Proof of payment of rent, upon a lease in fee, by the immediate grantor of the occupant, sufficiently establishes the existence and validity of the instrument, as against the tenant in possession; especially when taken in conection with the giving of a mortgage upon the demised premises, by the latter to his grantor, which secures the repayment of any rent the mortagee may pay to the original lessor.

Such mortgage is proper evidence, in an action against the mortgagor for rent, as proof of his claim and title to the premises; of his derivative title under his immediate grantor; as some evidence of the quantity of land; and as some evidence of the recognition of the plaintiff's title and rent.

Where it is shown that the defendant is in possession of the demised premises; that he took title from one who was in under the plaintiff; and that he has mortgaged the land in an instrument which recognized the original lessor's rent, this is sufficient proof of his being the assignee of the lessee.

THE plaintiff alleges in his complaint that on the 22d day of September, 1792, Stephen Van Rensselaer granted, bargained, sold, remised, released and confirmed to one Timothy Cooper a certain farm of about 176 acres of land in Berne, Albany county. That the said Cooper covenanted for himself, his heirs and assigns, to deliver to the grantor thirty skipples of wheat and four fat fowls, and to perform one day's service with carriage and horses for his vendor annually. The plaintiff claims to be the assignee of the covenants of the purchaser under that deed, and alleges that the defendant was a subsequent purchaser and owner of the same land and of all the interest of the original lessee or grantee, and after becoming such purchaser, and while owner under such purchase, the defendant became liable to fulfill and perform the covenants of Cooper, the former purchaser and owner. To prove the sale to Cooper, and Cooper's covenants, the plaintiff offered in evidence a deed in fee signed by Van Rensselaer and Cooper of the date of September 22, 1792, reserving rent, containing the usual covenants on the part of the grantee and his assigns to pay the rent and perform the covenants, and clauses of distress and re-entry in default of payment of the rent. The deed was read in evidence without objection, but was subsequently proved to have always been in the possession of the plaintiff and his testator, since 1832, McPherson, the defendant's grantor having made payments of rent thereon. The plaintiff then offered in evidence the record of a mortgage made by the defendant to John McPherson, of the date of April 30, 1844, whereby the defendant mortgaged all his interest in the premises to McPherson, and among other things to secure any patroon's rent McPherson might pay. The plaintiff then offered in evidence the will of S. Van Rensselaer deceased, showing that the testator devised to the plaintiff all his real estate, lands, tenements and hereditaments situate in the manor of Rensselaerwyck, on the west side of Hudson river, with the rents, issues and profits thereof.

Van Rensselaer *v.* Secor.

The defendant moved for a nonsuit on these grounds: 1. The deed was one of assignment, leaving no reversion in the grantor, creating no relation of landlord and tenant nor any privity of contract or estate. 2. The rents were not rent service and the covenants did not run with the land. 3. The plaintiff is not the owner of the covenants. They were mere choses in action, and did not pass by the devise, which was of real estate only. 4. The plaintiff has failed to show a delivery of the deed whereon he seeks to recover. 5. This is not rent service. Whether it be a rent charge or a rent seck, it is not apportionable. 6. Covenants run with the land only when the relation of landlord and tenant exists, and where there are two estates, with one of which the covenant runs as a benefit, and with the other as a burden. Hence there is no estate in the plaintiff. 7. The legal estate was not in the defendant but in McPherson, when the alleged covenants are claimed to have accrued, and the defendant, as owner of the equity of redemption under the mortgage, is not liable. 8. There is no evidence of title in the defendant when the alleged covenants are claimed to have accrued. The court refused to nonsuit, and the defendant excepted. The defendant rested. The court thereupon found the following facts and conclusions of law: That the indenture or lease in fee alleged in the complaint was executed and delivered by the parties respectively thereto as alleged in the complaint. To this decision the defendant excepted. That the grantee or lessee became seised and possessed, thereunder, of the demised premises. To this decision the defendant also excepted. That the lessor or grantor, Stephen Van Rensselaer, died on the 26th day of January, 1839. That by his will and testament duly executed and the subsequent assignments, grants and conveyances, as alleged in the complaint, the plaintiff became seised in fee, and owner of the rent reserved in and by said lease or indenture, at the times respectively alleged in the complaint. To this decision the defendant also excepted. That the defendant before the first

day of January, 1845, by assignment, became owner of all the estate and interest of the lessee in the whole of said demised lot number 481, as leased or granted to Timothy Cooper, except two acres, and continued such assignee until the time of the commencement of this action. To this decision the defendant also excepted. That the proper proportion of the rent accrued for and on account of the lands aforesaid, of which the defendant was assignee as aforesaid, for the period above stated, amounted with the interest thereon, to the sum of six hundred and twenty-four dollars and eighty-four cents, which sum was due from the defendant to the plaintiff. To this decision the defendant also excepted. Judgment was duly entered for the plaintiff on the finding of the court, for $719.45, on the 16th day of December, 1859, and the defendant appealed therefrom to the general term.

*C. M. Jenkins* for the plaintiff.

*A. Bingham* for the defendant.

*By the Court,* HOGEBOOM, J. The fundamental propositions on which the defendant relies to bar the plaintiff's recovery, have all been considered and held untenable in the cases of *Main* v. *Green,* and *Main* v. *Davis,*(a) and need not be reconsidered. Those peculiar to this case may be briefly disposed of.

1. It is alleged that the plaintiff failed to show a *delivery* of the deed whereon he seeks to recover. The execution of the deed was duly proved, and it was read in evidence without objection. That included the question of delivery, and the objection at the close of the case came too late. The plaintiff further proved the payment of rent *thereon* by John McPherson, the immediate grantor of the defendant. This sufficiently established the existence and validity of the instrument; especially when taken in connection with the mort-

(a) See ante, pp. 448, 461.

The People *v.* The Supervisors of Ulster.

gage of the same premises by the defendant, and the recitals in the mortgage.

2. The mortgage was proper evidence, for the reasons stated in the plaintiff's points, to wit, as evidence of the defendant's claim and title to the premises—as evidence of the defendant's derivative title under McPherson—as some evidence of the quantity of land—and as evidence of the recognition of the plaintiff's title and rent.

3. The defendant was sufficiently shown to be the assignee. He was in possession himself; he took title from McPherson who was in under the plaintiff; he mortgaged the land, in an instrument which recognized the patroon and rent. (9 *Cowen*, 88. 4 *Wend.* 318. 12 *id.* 555. 4 *Hill*, 113.)

4. The statute of 1860 cannot affect the case. The plaintiff's claim had passed into a judgment and become a vested right. (*Dwar. on Stat.* 676. 1 *Hill*, 332. 2 *id.* 238. 5 *Duer*, 183.) Nor was the statute of 1805 essential to support the plaintiff's claim. (*Main* v. *Davis, above referred to.*)

The judgment of the circuit court must be affirmed.