INHABITANTS OF ORONO *vs.* JOHN W. VEAZIE.

| 61 | 431 |
| 92 | 183 |

*Taxes. Certainty required in description of land assessed.*

An assessment of taxes upon land of a non-resident thus described, "2 acres of land, house, boom, and privileges, shore of lots one and two," is void for uncertainty in the description; nor is parol evidence admissible to identify the premises intended.

ON AGREED STATEMENT OF FACTS.

WRIT OF ENTRY to recover the possession of certain real estate in Orono, which originally belonged to the defendant and still belongs to him if it did not become the property of the plaintiffs under certain sales to them by the treasurer of their town for non-payment of taxes assessed on said premises as the property of the defendant, a non-resident, for the years 1857, 1858, 1859, and 1863. This case has been before the full court upon questions arising upon the construction of R. S., c. 6, § 145; *Orono v. Veazie*, 57 Maine, 519.

The question here presented was whether or not the description of the property as assessed and conveyed was sufficient. It was as follows: " 2 acres of land, house, boom and privileges, shore of lots one and two."

The plaintiffs offered, if admissible, to show that the defendant,

at the date of the assessments and ever since, was the owner of so much of the easterly end of lots one and two on Penobscot River in Orono, according to Strong's plan and survey of said Orono, as would comprise two acres upon the shore of said lots upon said river, having thereon certain erections as described, being a short distance above defendant's mills in the town of Veazie; and that said plan is a recorded plan, well known, and one by which the assessments and conveyances in Orono have been usually made, and is the only general plan of said town.

If upon this case and proof of the facts above stated, if admissible in evidence, the description was insufficient to create a forfeiture by non-payment of the tax, and if the defendant could take the objection without paying or tendering any of the taxes, then the plaintiffs were to become non-suit; otherwise, the case was to stand for trial.

*Peters & Wilson*, for plaintiffs.

This description would be good in a writ, or in a deed. A conveyance of a " house " or " mill " *eo nomine* is good. A deed of an " acre off of, etc.," is good. *Grover* v. *Drummond*, 25 Maine, 185.

The description plainly means, " Two acres of land only, covered by house and boom, with privileges of the river adjoining, and is so much upon the shore of lots No. 1 and 2 as will make said two acres." No brief description could be much more intelligible. The testimony offered will show that nothing could be much plainer to the defendant; and the testimony is admissible as showing actual occupation and condition to explain the language of a description. *Treat* v. *Strickland*, 23 Maine, 234.

The word " shore " has a legal meaning; land between high and low water marks. 4 Hill, 375 ; 6 Cowen, 547.

Is or not the description good enough to require a tender of the taxes? See this case in 57 Maine, 517.

The very object of the statute was to avoid all questions of strictness till a tender was made.

*J. S. Rowe*, for defendant.

DICKERSON, J. Writ of entry for possession of certain real estate in Orono, sold to the plaintiffs by their treasurer on account of forfeiture for non-payment of taxes by the defendant, who was a non-resident owner of the premises.

The question presented involves the sufficiency of the description of the property, as assessed and conveyed, which was as follows : " 2 acres of land, house, boom, and privileges, shore of lots one and two."

The description of the real estate assessed, in this class of cases, must be certain, or refer to something by which it can be made certain. *Adams* v. *Larrabee*, 46 Maine, 517 ; Blackwell on Tax Titles, 353 ; *Haven* v. *Cram*, 1 N. H. 93.

The description in this case does not conform to either of these requirements. It does not give any courses, distances, or monuments ; nor does it refer to the ownership, occupation, or use of the premises, or any name or plan by which they may be identified. It affords no nucleus by which parol evidence may be legally available to render it certain or even probable where the " 2 acres " are located upon the face of the earth, or what " house, boom, or shore " was intended. As the description is vague and uncertain upon its face, and affords no means by which it can be made certain by competent evidence *aliunde*, the assessment is void for uncertainty.

The defendant is not required to pay or tender payment of the " taxes, charges, and interest" until the plaintiff has made out a *prima facie* case. *Inhabitants of Orono* v. *Veazie*, 57 Maine, 519.

*Plaintiff's nonsuit.*

APPLETON, C. J.; CUTTING, WALTON, and DANFORTH, JJ., concurred.