Greene *v.* Walker.

---

JONAS GREENE *vs.* ZELIA A. WALKER.

*What certainty of description is requisite to support a tax title.*

63b 311
92 183

The assessors, in their inventory, must describe the property taxed so that it can be certainly identified, either by the language there used or by that referred to. Of the ten parcels sued for in this action, only two are thus described.

ON REPORT.

WRIT OF ENTRY, originally brought against George W. Lunt, who died during the pendency of the action, and his daughter and sole heir at law, Mrs. Walker, appeared in response to a citation and assumed its defence. The demandant claimed in his declara-

tion ten parcels of land, purchased by him at a sale of them by the treasurer and collector of taxes of Peru, where the land lay, made in 1868, to enforce taxes assessed thereon and against said Lunt as the owner the preceding year. The parcel first mentioned in the declaration was there, and in the assessors' inventory, described as "the south-east half of lot No. 2, range 2, containing fifty acres, more or less." The evidence showed that, in 1867, when the taxes in controversy were assessed, Lunt did not own the whole of this half, but had conveyed several parcels from it to different purchasers; and the same was true of that described in the inventory as "the Ellis land, so called, lying between A. J. Churchill's and Levi Randall's and adjoining pond, lot No. 7, range 3," which description was substantially followed in the declaration, in which this was the sixth parcel demanded. The second parcel named in the writ was that bearing the corresponding number in the accompanying rescript. The third parcel described in the declaration was that first mentioned in the rescript and inventory, as the "two river lots," &c. The fourth demanded parcel was that numbered three in the rescript.

The fifth parcel in the writ (for which the plaintiff had judgment) was thus described in the writ; "northwesterly half of the island opposite Samuel Holmes' farm, sixteen acres, in Lunt's lower tract;" which description was followed in the declaration.

The sixth demanded parcel was "the Ellis land," as above stated. The seventh was that numbered six in the rescript. The eighth parcel was described in the inventory, and (substantially) in the writ, thus: "Lunt's lower tract. Northwest half of lot westerly and adjoining S. Holmes' farm, lot 4, range 2, fifty acres." The ninth was that "on the east side of Worthly pond," numbered five in the rescript; and the tenth and last piece claimed was that numbered four in the rescript, "on which A. P. Cox resides."

The records of the town showed that all its officers, including William Walker, treasurer, were duly sworn in 1867, but if Mr. Walker was again sworn after his re-election in 1868, there was an omission to prove it, or that he gave any bond that year.

*Bolster & Pulsifer,* for the demandant.

*E. G. Harlow,* for the tenant.

RESCRIPT.

Neither of the following descriptions of parcels of land, in the inventory of the assessors, is sufficient to create a lien thereon, by assessment of taxes :

I. "Southwest part of two river lots Nos. 1 and 2, range 1, 100 acres, adjoining Adelia Eustis and Jonas Greene's land."

II. "A part of lot 1, range 2, 80 acres, adjoining Noah Hall's back land on northeast, bounded westerly by Peck's Grant land."

III. "A part or surplus of S. R. Newell's homestead, lot 5, range 3, 6 acres."

IV. "The northwesterly part of the lot 6, range 5, 25 acres on which Aaron P. Cox resides."

V. "A piece of land on the east side of Worthly Pond between the pond and Wm. Harlow's farm—8 acres."

VI. "The lot or part of lot lying southerly and adjoining S. R. Newell's and P. J. Hopkins' woodland—lot 3, range 4, 60 acres." *Greene* v. *Lunt,* 58 Maine, 518.

It appearing in evidence that Lunt did not own all of the southeast half of lot 2, range 2 ; nor all of the Ellis land, as described, but was being taxed for the whole, the sale of both is void. *Barker* v. *Blake,* 36 Maine, 433.

The town treasurer was an officer *de facto,* and the fact that he was not sworn, and had not given any bond, is no defence to this action. The result is, that for all of the ten parcels described in the writ, except the fifth and the eighth, the defendant must have judgment ; and that for the fifth and eighth parcels, there must be,

*Judgment for the plaintiff.*