FRANCES L. WHITMORE vs. ABEL LEARNED.

Cumberland. Opinion October 15, 1879.

*Tax title. Evidence. Deed—office copy of. Trust.*

It is only by a strict adherence to the mode prescribed by law that real estate can be conveyed for non-payment of taxes,—the same being for an inadequate consideration, and against the will of the land owner.

A description of the premises in proceedings under a tax sale thus, "house and lot bought of David Harris," is imperfect and does not contain the intelligible description required by R. S., c. 6, § 159.

In order to authorize the sale of the whole parcel taxed, it must distinctly appear of record that the sale of the whole was required to pay the tax, interest and charges.

Stats. 1874, c. 234, 1878, c. 35 and 1879, c. 117, do not affect a proceeding involving title to real estate for non-payment of tax where the sale took place prior to the passage of the first of said statutes, and the action was pending when the latter two were enacted.

Under R. S., c. 82, § 99, and the rule of court relating to the same subject, the production of an office copy of a deed in cases falling within the statute and rule, in the absence of any circumstances tending to remove the presumption arising therefrom, is *prima facie* proof not only of the execution but also of the delivery of the deed.

There may be circumstances attending the record of a deed which, if shown, will prevent any presumption of delivery arising therefrom, or will diminish the force of such presumption ; but it is the established practice, in cases falling within the rule, to receive the office copy as (in the first instance and in the absence of opposing proof) sufficient evidence of the execution and delivery of the original deed. *Patterson* v. *Snell,* 67 Maine, 562—examined, discussed and reaffirmed.

Parol evidence is inadmissible to prove that the grantee named in a deed is not the one intended by the grantor.

Where one purchases real estate with his own money and a deed is taken in the name of another a trust results, which, by a rule reluctantly adopted in equity, may be established by parol, but this rule was accompanied at its adoption with the requirement of full proof, or a high degree of force and weight in the testimony offered. *Baker* v. *Vining,* 30 Maine, 121, reaffirmed.

ON REPORT.

Forcible entry and detainer transferred from the municipal court for the town of Brunswick.

Date of writ July 30, 1877.

Plea, the general issue with brief statement of title in one Sarah E. Holbrook under whom the defendant claims the premises as tenant.

The case and facts are sufficiently stated in the opinion.

The law court to render such judgment as the law and evidence require.

*W. Thompson,* for the plaintiff, in an elaborate brief, among very numerous authorities, cited *Smith* v. *Bodfish,* 27 Maine, 289. *Clark* v. *Pratt,* 47 Maine, 55. *Hubbard* v. *Little,* 9 Cush. 475. *Eaton* v. *Jacobs,* 52 Maine, 452. 2 Greenl. Ev. 294. *Patterson* v. *Snell,* 67 Maine, 559. *Brown* v. *Brown,* 66 Maine, 316. *Dwinel* v. *Holmes,* 33 Maine, 172. *Hawkes* v. *Pike,* 105 Mass. 560. *Hatch* v. *Bates,* 54 Maine, 136. *Small* v. *Clewry,* 62 Maine, 155. *Parker* v. *Hill,* 8 Met. 449. *Sampson* v. *Thornton,* 3 Met. 275. *Parker* v. *Parker,* 1 Gray, 409. *Shurtleff* v. *Francis,* 118 Mass. 154. *Fay* v. *Richardson,* 7 Pick. 91. *Sawyer* v. *Skowhegan,* 57 Maine, 500-6.

*A. W. Coombs,* for the defendant.

SYMONDS, J. This is a process of forcible entry and detainer, originally brought in the municipal court at Brunswick, where the general issue was pleaded, with brief statement of title in one Sarah E. Holbrook, under whom the defendant claims. No allegation that the brief statement was frivolous and intended for delay appears to have been made, and the case was thereupon regularly transferred and entered at the next term of the supreme judicial court in Cumberland county, where the evidence was

taken and reported to the law court. Upon the legal testimony contained in the report, judgment is to be rendered in accordance with the law and the facts.

Many objections are urged by the defendant to the use of this process, for the purpose of trying the title to lands, and enforcing the right of possession thereof, upon the facts disclosed, even if they were found to be as the plaintiff contends. But in the view taken by the court of the claim of title asserted by the plaintiff, it is not necessary, in order to reach the decision of the case, to consider the force of these objections to the form of action adopted.

The plaintiff claims title to the premises, first, under a deed, dated Feb. 1, 1865, from the treasurer of the town of Brunswick, where the land lies, purporting to convey it to James H. Tibbetts, as sold for non-payment of taxes assessed against John W. Marr, a non-resident owner;—and this tax-title is traced to the plaintiff by a quit-claim deed from James H. Tibbetts, the purchaser at the tax-sale, to John W. Bonholm, dated February 19, 1867, and a deed of warranty from John W. Bonholm to the plaintiff, dated September 11, 1873.

The title derived from this sale for taxes is obviously defective. In the argument it is not insisted upon as valid in itself, and the frequent adjudications in this state upon similar questions render it unnecessary to dwell minutely upon the errors and defects in the proceedings, which, under our decisions, prevent the treasurer's deed from having the effect to convey the interest which John W. Marr, or those holding under him, had in the premises. It is only by a strict adherence to the mode prescribed by law, that real estate can be so conveyed, for an inadequate consideration, and against the will of the land-owner.

The sale took place prior to the passage of the act of 1874, chap. 234, and is, therefore, by the last clause of the second section, expressly excepted from the operation of that statute. This action was pending when the public laws of 1878, chap. 35, and of 1879, chap. 117, were enacted, and is therefore not affected thereby. R. S., chap. 1, § 3.

So, it is open to the defendant, without tender of the tax, interest and charges, to contest the validity of the proceedings on

which the plaintiff relies to make out under the statute a *prima facie* title by force of the tax-sale. *Orono* v. *Veazie*, 57 Maine, 517. *French* v. *Patterson*, 61 Maine, 203.

In no part of the proceedings, the record of the valuation of estates from which the assessment was made, the list of assessments, the warrant to the collector, the advertisement, the record of sale, or the treasurer's deed, is there any fuller description of the premises than this, "house and lot bought of David Harris." This is not only an imperfect description, but it is clearly inaccurate. The deed introduced by the plaintiff shows that the land was bought by John W. Marr, against whom the taxes were assessed, of Phebe R. Harris and three other grantors beside David Harris; and David Harris joined in it apparently for the purpose only of releasing whatever interest he might have in right of his wife, Phebe R., to whom her interest in the house and land came under the provisions of her father's will. The description is not such as to identify the property sold with reasonable certainty. Especially with reference to the advertisement, it cannot be said to contain the intelligible description required by R. S., chap. 6, § 159. *Larrabee* v. *Hodgkins*, 58 Maine, 412. *Greene* v. *Lunt*, 58 Maine, 518. *Griffin* v. *Creppin*, 60 Maine, 270. *Nason* v. *Ricker*, 63 Maine, 381. *Bingham* v. *Smith*, 64 Maine, 450.

Within the rule established by the decisions in this state, we think, also, it is not sufficiently apparent from the record that the sale of the entire lot was necessary. In order to authorize the sale of the whole, it must distinctly appear of record that the sale of the whole was required to pay the tax, interest and charges. *Lovejoy* v. *Lunt*, 48 Maine, 378. *French* v. *Patterson*, 61 Maine, 209.

The second ground on which the plaintiff claims is, that John W. Bonholm, her grantor, was in open, peaceable and adverse possession, from a time prior to the tax-deed, and for several years after, until the deed to plaintiff was given; and that from that date she continued in such possession until it was unlawfully and without right disturbed by those under whom the defendant holds; who still retain, by the occupancy and tenancy of the defendant, the possession which they have illegally acquired.

The consideration of this claim on the part of the plaintiff leads directly to the inquiry, what title or right of possession does the defendant show; as clearly such prior possession of the plaintiff, under a tax-deed and claim of title, would be good against a stranger.

The defendant introduced an office copy, from the registry of deeds, of a deed of the same premises from John W. Marr, against whom the taxes before referred to were assessed, to one Andrew C. Bonholm, dated August 20, 1863, and a quit-claim deed of the land, dated March 28, 1876, executed in due form by an attorney properly authorized, from said Andrew C. Bonholm to Sarah E. Holbrook, under whom the defendant claims as tenant.

It is objected by the plaintiff that there is no proof of the delivery of the deed to Andrew C. Bonholm. But under R. S., chap. 82, § 99, and the rule of court relating to the same subject, the production of the office copy by the defendant, in the absence of any circumstances tending to remove the presumption arising therefrom, was *prima facie* proof not only of the execution, but also of the delivery of the deed. The word execution in the statute and the rule, undoubtedly includes delivery. The practice, under which office copies of deeds in cases within the rule are *prima facie* evidence of title, was settled in Massachusetts in *Eaton* v. *Campbell,* 7 Pick. 12, and has been uniformly followed; the reason assigned being that in this country the grantee of lands usually takes only the deed to himself, and has no right to the possession of the title-deeds of the estate. He ought not, therefore, to be required to produce the originals, nor to be obliged to prove their loss or destruction before offering secondary evidence. *Ward* v. *Fuller,* 15 Pick. 185. *Scanlan* v. *Wright,* 13 Pick. 523. *Commonwealth* v. *Emery,* 2 Gray, 80.

The opinion of the court in *Gragg* v. *Learned,* 109 Mass. 168, is decisive of the law on this point in that state. It is there held that "the copy from the registry was rightly admitted as *prima facie* evidence of the delivery as well as of the execution of the deed."

The same rule was declared by this court in *Wordman* v. *Coolbroth,* 7 Maine, 181, and has been frequently repeated. The

production of the copy from the registry could not be *prima facie* proof of title, unless it were at the same time evidence of the delivery of the original deed; and the cases are numerous in which the reading of an office copy has been regarded as making a sufficient link in a chain of title. *Blethen* v. *Dwinel*, 34 Maine, 133. *Hatch* v. *Bates*, 54 Maine, 136. *Webster* v. *Calden*, 55 Maine, 171.

A similar practice prevails in other jurisdictions. *Dick* v. *Balch*, 8 Peters, 30; 32 Barb. 469.

The language of the court in *Patterson* v. *Snell*, 67 Maine, 562, on which the plaintiff relies, was not intended to impair the operation of the rule of court in this respect, nor to change the well-settled practice under it. It was there said that the appearance of the deed upon the record did not operate as a delivery, nor supersede the necessity of proof of delivery. That case, like this, was before the court on report, for the determination of law and fact, and the language of the opinion was intended to go no further than to hold, that, in a case where the circumstances attending the alleged delivery were proved, there was nothing in the fact that the deed had been recorded which did not leave it still an open question, to be decided upon all the evidence, whether the deed had, or had not, been delivered; and upon examination of the whole testimony the decision of the court was adverse to the plaintiff who claimed that the deed had been delivered. Other evidence controlled and overcame the presumption, arising under the rule and statute referred to, of the due execution and delivery of deeds from the production of office copies, in actions touching the realty, where the party offering them in evidence "is not a party to the deed, nor claims as heir, nor justifies as servant of the grantee or his heirs." It was in view of the circumstances under which the deed made its appearance in that case, that the court thought there was neither proof nor presumption of its delivery. There may be circumstances attending the record of a deed, which, if shewn, will prevent any presumption of delivery arising therefrom, or will diminish the force of such presumption. In such cases, upon the whole evidence the fact must be established. To this extent it is true that the copy from the registry does not

supersede the necessity of proof of delivery. But it is the established practice, in cases falling within the rule, to receive the office copy, as, in the first instance, and in the absence of opposing proof, sufficient evidence of the execution and delivery of the original deed. "It raises a presumption that the grantor had sufficient seizin to enable him to convey, and operates to vest the legal seizin in the grantee."

Nor do we think the presumption removed by the fact that the original deed remained in the possession of John W. Bonholm, or by any other evidence in the case. Whatever may have been the capacity in which he was acting, he was doubtless the person who in fact received the deed; and he went into possession under it. The fact that he retained the deed, and that it was produced from among his papers at the trial, does not tend to prove that it was not delivered by the grantor. Upon the whole evidence we think there can be no question of the delivery of the deed.

But it is said that the grantor could not have intended to deliver the deed to Andrew C. Bonholm, as he did not know him, and supposed the name inserted in the deed was that of the Mr. Bonholm, with whom he made the negotiations, who was in fact John W. Bonholm.

Before considering this, it should be stated that the claim that the deed to Andrew C. Bonholm was void, as in fraud of John W's creditors, wholly fails upon the evidence. As against Andrew and his grantees, there is no legal evidence that there were any creditors of John W. Bonholm at the date of the deed; and if we were to receive the latter's declaration as proving that he was then in debt to a physician, there is no evidence in what amount, or whether it was paid, and no proof whatever that Andrew knew of the existence of such creditors, or was a party to any fraud.

The deed then having been delivered, no rights of creditors intervening, it cannot fail of effect, as between these parties, simply because without inquiry the grantor supposed that the grantee in the deed was the John W. Bonholm who in person made the purchase. In the absence of fraud, there can be nothing in this to defeat the deed. If the grantor did not know at the time, he acquiesced, and for a long time, after the deed was recorded. If

not the grantor, it was John W. Bonholm, who caused the deed to be written as it was. On what ground, then, can he, or his grantee, complain of its legal effect in favor of one holding under it?

But, on this point, it is enough to say that parol testimony is inadmissible to prove that the grantee named in the deed is not the one intended by the grantor. *Crawford* v. *Spencer*, 8 Cush. 418.

It is further claimed by the plaintiff, that the consideration for this deed was paid by John W. Bonholm, and that a trust thereby results, which will protect the latter and those claiming under him in the possession of the premises against the grantee in the deed and those holding under him with notice of the trust ; and that the circumstances were such as to charge Sarah E. Holbrook with knowledge of the trust.

An examination of the testimony satisfies us that it fails to establish the facts, on which, so far as this branch of the case is concerned, the plaintiff relies.

The deed to Andrew C. Bonholm, the quit-claim deed of the land from him to Mrs. Holbrook, and the admitted fact of defendant's tenancy under her, establish in the first instance the rightfulness of defendant's possession. The record title is complete. If the plaintiff is to prevail upon the ground that the consideration for the deed to Andrew was paid by John, and that a trust thereby results, and an equitable interest sufficient to protect John's grantee in the possession of the premises, or to restore her to such possession, it is incumbent upon the plaintiff to make the fact on which she relies clearly appear. It certainly is not established by this testimony, unless we are to receive and act upon the declarations of John W. Bonholm, in regard to it, made in the absence of the grantee of record. A large part of the evidence reported on this point is clearly inadmissible; consisting of John W's statements, some time before the purchase, as to his purposes in regard to buying, his plans, his means and the reasons which inclined him to make the purchase. The same is true of his conversation with the witness, Thompson, about intending to buy and occupy this place, if he could make both ends meet, and the

expression of doubt whether he should take the deed in his own name. The witness, Humphrey, does not fix with certainty the time when John W. made the statement that the money drawn from the bank in Bath was to be applied in payment for this lot; although a comparison of the dates gives strong ground for the belief that it was near the time of the purchase. But the case is silent as to the source of the deposit in the bank; and, at most, this was a naked statement by John W. of his own *intention* in regard to the use to which he should subsequently apply the money. It was not a declaration, accompanying the act of payment.

If we consider the further evidence favorable to the plaintiff on this point, such as the declarations of John W. at the time of the delivery of the deed, and subsequently on the premises, and that he lived there in undisturbed possession from 1863 till his death, August 4, 1874, paying the taxes and claiming them as his own until he gave the plaintiff her deed, it fails to convince us under all the circumstances of the case that John W. Bonholm's money paid for the place. This cannot be said to be satisfactorily proved. Whether Andrew C. furnished the whole or a part of the purchase money is an open question upon the evidence. Andrew was wealthy, John was poor. They were relatives and on friendly terms. It is probable John thought the tax-deed gave him title. Andrew's absence in Europe left him in sole control of the place. If Andrew bought and paid for the place it was undoubtedly for John's use while he lived, and it is easy to see how under the circumstances John would have been the ostensible owner; but his claim of title is not proof that he paid the purchase money.

It is not a question of prescription, nor, except incidentally, of the character of the possession; nor do the declarations relate to boundaries. They are in his own favor, made in the absence and against the interest of one who held the record title.

The burden rests heavily on the plaintiff to establish against the record a passive trust, resulting by operation of law from the payment by her grantor of the consideration of a deed taken in the name of another. The law holds her to the requirement of strict proof. The fact must clearly appear, or her case fails. The

case leaves unexplained, in many respects, the relations existing between John and Andrew Bonholm, and the reason for taking the deed in the latter's name does not appear. Convincing evidence that the consideration for the deed was paid by the former which is the basis of the trust alleged is wanting. That such a trust may be established at all by parol, was a rule reluctantly adopted in equity, and accompanied, at its adoption, with the requirement of full proof, or a high degree of force and weight in the testimony offered. *Baker* v. *Vining*, 30 Maine, 121. *Dudley* v. *Bachelder*, 53 Maine, 403. *Kendall* v. *Mann*, 11 Allen, 15.

The result is that upon the issue of title alone, without discussing the form of the process, the defendant is entitled to prevail.

*Judgment for the defendant.*

APPLETON, C. J., WALTON, VIRGIN, PETERS and LIBBEY, JJ., concurred.