CATHERINE CARTER, as Administratrix, etc., of JAMES CARTER, Deceased, Respondent, v. RUBY TRUCKING COMPANY, Appellant.— Judgment and order reversed upon the law and new trial granted, costs to abide the event. Under the facts presented upon this record, we are of opinion that the questions of an emergency employee and of the authority of the chauffeur to direct decedent to examine the brakes were not relevant to the real issue in this case. The charge of the court, however, upon these questions, was confusing and in some respects erroneous, and the result was to obscure and befog the real question at issue. The record discloses that there was no emergency calling for the assistance of decedent, and any directions on the part of the chauffeur to decedent were without authority. The only ground of negligence which should have been submitted to the jury was whether, knowing that the decedent was at the rear of the truck engaged in examining the brakes, the chauffeur started the truck without warning to him. If the jury find that the chauffeur knew that decedent was in the rear of the truck examining the brakes, and, with such knowledge, started the truck without notice to him, plaintiff may recover; otherwise not; assuming, of course, the jury find decedent was not guilty of contributory negligence. Lazansky, P. J., Rich, Young, Seeger and Carswell, JJ., concur.

GERSHON G. COHEN, Respondent, v. AUGUSTUS F. WEEKES and Others, Defendants. MILES F. GORDON, Purchaser, Appellant; FRANK A. BELLUCCI, Referee, Respondent.— Order reversed upon the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, to the extent that the appellant be relieved of his purchase and recover the down payment made by him upon the sale. The description of the property contained in the notice of sale was insufficient, as there is property designated on the map in another ward by the same block and lot numbers as the property advertised for sale. Lazansky, P. J., Young, Hagarty, Seeger and Carswell, JJ., concur.

LEONTINE MARIE FISH, Respondent, v. HENRY VAN CORTLANDT FISH, Appellant.— Order modified by reducing the amount of the fine to $100, and as so modified affirmed, without costs. The court, in imposing a fine, was confined to the omission to pay involved in the present motion and could not punish for previous omissions to pay which had been disposed of before the present motion was noticed. Lazansky, P. J., Young, Hagarty, Seeger and Carswell, JJ., concur.

SAM FRIEDMAN, an Infant over the Age of Fourteen Years, by HARRY FRIEDMAN, His Guardian ad Litem, Respondent, v. ABRAHAM BIRNBAUM, Appellant.— Order reversed upon the law and the facts, and motion to change the venue from Kings county to Sullivan county granted, without costs. The cause of action arose in Sullivan county, where the majority of the witnesses reside. The convenience of witnesses and the ends of justice will be promoted by the change. Lazansky, P. J., Young, Hagarty, Seeger and Carswell, JJ., concur.

MARGARET GREENE, as Administratrix, etc., of CORNELIUS GREENE, Deceased, Respondent, v. BROOKLYN EDISON COMPANY, INC., Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Rich, Kapper, Hagarty and Scudder, JJ.