BROCK *v.* SOBOLE.

1. TAXATION—MISDESCRIPTION IN DEED.

A description of lands which would be sufficient in a conveyance between individuals is not necessarily so in proceedings for the levy and collection of taxes and description in tax deed referring to lot 8 in plat in question not only did not convey lot 3 but conveyed nothing where there was no lot 8 in such plat.

2. SAME—DESCRIPTION IN DEED.

A tax deed which describes nothing is absolutely void.

3. APPEAL AND ERROR—FORECLOSURE OF LAND CONTRACT—INTERVENER UNDER VOID TAX TITLE NOT ENTITLED TO COMPLAIN.

In suit to foreclose a land contract in which an alleged tax title purchaser intervened, latter, who claimed error in order for vendee to surrender possession before expiration of right to redemption had terminated, *held,* not in a position to complain of decree in favor of plaintiff where vendee did not appeal and tax title is found to have been void.

4. VENDOR AND PURCHASER—PARTIES—FORECLOSURE OF LAND CONTRACT.

No error was committed in denying motion of intervening tax title purchaser to make the auditor general a party to suit to foreclose a land contract as neither such officer nor the State has any interest in such a suit.

Appeal from Wayne; Moll (Lester S.), J. Submitted April 6, 1938. (Docket No. 23, Calendar No. 39,754.) Decided June 6, 1938.

Bill by Albert Brock and wife against Robert E. Sobole to foreclose a land contract. Henry C. Taylor intervened as a party defendant and cross-plain-

tiff and claimed title by virtue of tax deeds. Decree
for plaintiff. Intervening defendant appeals. Affirmed.

*M. M. Larmonth* and *Roy A. McGinty,* for plaintiffs.

*Joseph S. McDowell,* for intervening defendant.

NORTH, J. Plaintiffs filed a bill to foreclose a land
contract against defendant Robert E. Sobole covering property described as:

"Lots 1 and 2 of the commissioner's plat in partition of the estate of Peter Baron, deceased, *on
lot 3* of Joseph Baron's estate, private claim 340,
city of Detroit, county of Wayne, Michigan."

Henry C. Taylor claims title by reason of his purchase at a tax sale for delinquent taxes and tax deeds
issued to him thereafter, and he was allowed to intervene.

It is plaintiffs' claim, and the circuit judge held,
that the tax deeds under which Henry C. Taylor
asserts title are void because in them and in the tax
proceedings the property in question is incorrectly
described. The only variance from the correct description of the property and that contained in the
tax deeds and tax proceedings is that in the latter
the parcels are described as being *on lot 8* of Joseph
Baron's estate, et cetera, instead of *on lot 3.* This
discrepancy was called to the attention of the auditor general and he issued certificates of error canceling the tax deeds on the two lots because of the
inaccurate description.

It is the claim of the appellant that the description
used in the tax proceedings is sufficient to identify

the property; that no one was misled by the inaccuracy; and that, no question being raised as to the legality of the service of notice to redeem, the plaintiffs were apprised of the rights acquired against the property by Mr. Taylor through the tax purchase.

A different rule is applicable to tax deeds than to private deeds as is pointed out in the syllabus from *Jackson* v. *Sloman,* 117 Mich. 126:

"A description of lands which would be sufficient in a conveyance between individuals is not necessarily so in proceedings for the levy and collection of taxes."

Our attention is called to the following from the case of *Powers* v. *Corry,* 184 Mich. 630, in support of appellant's contention that a description in the tax deed which sufficiently identifies the property and does not mislead will be held valid:

"In regard to the certainty and sufficiency of the description required for the validity of a tax deed, the rule is laid down in Cooley on Taxation (2d Ed.), p. 407, as follows:

"'A more satisfactory rule would seem to be that the designation of the land will be sufficient if it afford means of identification and do not positively mislead the owner, or be calculated to mislead him.'"

In the *Powers Case* the nature of the error in the description in the tax deed is indicated from the following language of the opinion:

"All doubt as to whether this description applies to complainant's land is removed if the description in the tax deed be laid upon the plat of complainant's property, when it is found to coincide exactly with the description in complainant's title deed, except that the tax deed calls for *only the south 27*

*acres* and complainant's deed calls for *27 acres, more or less.*"

It is quite apparent that such a discrepancy as this is not one which would cast a doubt as to the identity of the property or mislead interested parties. This cannot be said of the description used in the tax proceedings in the case at bar. The appellant himself points out in his brief that there is no *lot 8* in the plat in question and where, as in this case, the deed itself is so imperfect that unaided it would convey nothing at all at law, it vests no title in the tax purchaser. The deed itself describes nothing and is absolutely void, and therefore no title to the property could pass to appellant by reason of the sale for delinquent taxes.

"The tax notice of reconveyance * * * described the land as located in section 24. It is situate in section 25. The notice was void for misdescription. *Tucker* v. *Van Winkle,* 142 Mich. 210; *Curry* v. *Larke,* 153 Mich. 348; *G. F. Sanborn Co.* v. *Alston,* 153 Mich. 456; *McRae* v. *Barber,* 167 Mich. 314." *Duck* v. *McQueen,* 263 Mich. 325.

Appellant also contends that the trial court was in error in ordering the surrender of possession of the property to plaintiff before the rights of defendant Sobole, the contract vendee, had been foreclosed and his rights to redemption terminated. Defendant Sobole has not appealed from the decree of the trial court, and it being determined that appellant has no rights in the property involved, the latter is not in a position to complain of the decree in favor of the plaintiff.

There is no merit to appellant's contention that the trial court committed error by denying appel-

lant's motion to make the auditor general a party to this suit in the outcome of which neither the auditor general nor the State has any interest.

The decree is affirmed, with costs to appellees.

Wiest, C. J., and Butzel, Bushnell, Sharpe, Potter, Chandler, and McAllister, JJ., concurred.