## Massey v. Bickford.

4-7622                                    187 S. W. 2d 541

Opinion delivered May 7, 1945.

*Roy Gean,* for appellant.

*Hugh M. Bland, A. L. Rotenberry* and *Wm. J. Kirby,* for appellee.

McHaney, J.  Appellee brought this action in ejectment at law to recover the possession of lot 5, block 6, in Fishback Addition to the City of Ft. Smith, Arkansas.  He

alleged that he was the owner of said property, entitled to its possession, and deraigned title from a forfeiture and sale thereof to the State for the nonpayment of the 1938 taxes, which sale had been duly confirmed and a deed from the State based on said sale as of December 10, 1943. He alleged that appellant, Ruth Massey, is wrongfully in possession of said property and that the other appellant, First Federal Savings & Loan Association, claims some interest therein unknown to him, but which in fact holds a vendor's lien thereon.

Appellants defended the action with a general denial and by way of cross-complaint by setting up a number of grounds of invalidity of said tax forfeiture and sale to the State and the deed from the State Land Commissioner based thereon, and, among others, is the ground that said forfeiture and sale described the land as lot 5, block 6, Fishback No. 2 Addition to the City of Ft. Smith, whereas there is no Fishback No. 2 Addition in said city, and that the said forfeiture and sale to the State, the State Land Commissioner's deed to appellee, and the decree of confirmation are all void and of no effect, because of said erroneous, indefinite, inaccurate and defective description. They further alleged that they are the owners of lot 5, block 6, in Fishback Addition to the City of Ft. Smith, having purchased same on October 15, 1937, from Home Mutual Building & Loan Association by warranty deed with a vendor's lien retained for the unpaid purchase money, which lien and the note evidencing same have subsequently been assigned to appellant, First Federal Savings & Loan Association. They prayed that the cause be transferred to equity, and, having deposited in the registry of the court $97.25 as a tender to appellee for any sum he may have expended in taxes, they further prayed for all proper relief.

The cause was transferred to equity, and submitted to the court on the pleadings, decree of confirmation of the title to this and other lands, dated October 13, 1942, and other evidence, from all of which the court found for appellee and rendered a decree for the possession of said property. The court found that appellants "failed to

object to said confirmation decree either in that suit or in any other separate suit within one year from the date of said decree and that the defendants are barred by the terms and provisions of Act No. 423 of 1941, and that the cross-complaint of defendants should be dismissed for want of equity." This appeal followed.

The decree was rendered October 12, 1944, prior to our decision in *Plant* v. *Johnson, ante,* p. 217, 185 S. W. 2d 711, and the learned trial court was of the erroneous opinion that Act 423 of 1941, concludes the rights of appellants to attack said confirmation decree, after the lapse of one year from its date, for any cause, save only that the taxes have actually been paid. The opinion in *Plant* v. *Johnson* demonstrates the error of the trial court in this case. It was there held that confirmation under said act cures only voidable defects in the proceedings, and that where the power to sell is lacking for any reason confirmation does not cure the defect. It was there further said: "Since the confirmation decree could not supply the fatal absence of the 'power to sell,' we hold that the confirmation decree was likewise ineffectual to set in operation any process whereby, through mere lapse of time after a void sale, the landowner in possession would lose his title and possession to one claiming under such confirmation decree. The right of possession of an owner is too substantial to be lost in the manner undertaken in the instant case."

It is undisputed that there is no such addition to the city of Ft. Smith as "Fishback No. 2," and we think the forfeiture, sale, confirmation and deed to appellee are all void and ineffective to convey the title to lot 5, block 6, Fishback Addition. It is conceded that the rule is that property must be sold under a proper and valid description to effect a valid sale. See *Shelton* v. *Byrom,* 206 Ark. 665, 177 S. W. 2d 421, and cases there cited. But appellee insists that, because we have held in certain cases, "the description of land in a tax deed is sufficient if it furnishes a key by which the land may be definitely located by proof *aliunde,*" *Moseley* v. *Moon,* 201 Ark. 164, 144 S. W. 2d 1089, this lot may be definitely located in Fish-

back Addition. This cannot be true. Since the description places the lot in Fishback No. 2 Addition, no amount of proof *aliunde* could locate it in an addition that does not exist.

The description being absolutely null and void, it follows that all proceedings by which the State attempted to acquire title, including the confirmation, are null and void, as the court would have no power to confirm a title where there was a total absence of any kind of title. In other words, appellee is attempting to take the property of appellants under a sale of property that does not exist.

The decree is reversed and the cause remanded with directions to dismiss the complaint for want of equity, and to quiet and confirm the title of appellants in and to lot 5, block 6, Fishback Addition in them. Appellee to pay all costs.