FERGUSON *v.* VAN GUNDY.

**5-978**                                                                     291 S. W. 2d 248

Opinion delivered June 11, 1956.

[Rehearing denied July 2, 1956.]

*O. E. Williams,* for appellant.

*James R. Hale,* for appellee.

J. Seaborn Holt, Associate Justice. Appellant, Mrs. Ferguson, brought this action in ejectment at law alleging ownership and the right to possession of "Lot 5, except West 35 feet, and North half of Lot 6, Block 6, Jennings Addition to the City of Fayetteville, Arkansas." She further alleged: that she acquired title to this property by deed dated June 12, 1950 from the Commissioners of Sewer District No. 1 of the City of Fayetteville; that said Sewer District had acquired title through two foreclosure decrees for delinquent sewer tax assessments, the first deed to said District from the commissioner in chancery being procured on August 31, 1944 under a foreclosure decree of May 19, 1939, and the second deed to the District from the commissioner in chancery on March 20, 1950 under a foreclosure decree of June 6, 1944. Appellees answered with a general denial and also alleged as one of their defenses: "That if the Sewer District foreclosed assessment liens against the property of defendants, . . . each and all of said decrees of foreclosure of the assessment and all proceedings had thereunder are void, illegal and of no effect." On a trial, and at the close of all the testimony, both appellant and appellees asked for a directed verdict, whereupon the court found in favor of appellees and directed the jury to so find. This appeal followed.

For reversal appellant says: "It is plaintiff's (appellants) contention that the Court erred in refusing to give a directed verdict for the plaintiff and in giving a directed verdict for the defendants"; and argues that: "When the sewer district got deeds on August 31, 1944,

under the 1939 foreclosure, and March 20, 1950, under the 1944 foreclosure, it got two titles impervious to collateral attack." We have concluded that the court did not err in directing a verdict for appellees.

Appellant, as indicated, is relying on her deed, dated June 12, 1950, from said Sewer District No. 1 by its Board of Commissioners, and in support, as above indicated, she argues that when the district got a deed on August 31, 1944 under the 1939 foreclosure decree and another deed on March 20, 1950, under the 1944 foreclosure decree, that, in effect, the deed to her from the district under either of those foreclosure decrees would be valid and pass title to her. As to the effect of the foreclosure decree of May 19, 1939, we hold, for the reasons hereinafter stated, that this decree is void and of no effect as to the property here involved. The record discloses (and in fact it is stipulated) that the 1939 decree described the property here involved as: "Owner: W. J. Sanders, Description — Block 6, Pt. Lot 5 exc. W 35 ft. & N 1/2 Lot 6 (Among other lands) Years Delinquent: 1929 to 1937 inc. Assessment & Penalty 24.58." No mention of any Addition or city is contained in said description of the property. The failure to describe this property properly, by including in the description "Jennings Addition to the City of Fayetteville," made this 1939 decree and all proceedings thereunder void in so far as it affected the property here involved. In *Massey* v. *Bickford*, 208 Ark. 685, 187 S. W. 2d 541, where there was involved a tax forfeiture sale and a deed from the State Land Commissioner based thereon, and wherein the property was described as "Lot 5, Block 6, Fishback No. 2 Addition to the City of Fort Smith," and where it appeared that there was no "Fishback No. 2 Addition" in said city, we said: "It is undisputed that there is no such addition to the City of Ft. Smith as 'Fishback No. 2,' and we think the forfeiture, sale, confirmation and deed to appellee are all void and ineffective to convey the title to Lot 5, Block 6, Fishback Addition. It is conceded that the rule is that property must be sold under a proper and valid description to effect a valid sale. See *Shelton* v. *Byrom*, 206 Ark. 665, 177 S. W. 2d 421,

and cases there cited. But appellee insists that, because we have held in certain cases, 'the description of land in a tax deed is sufficient if it furnishes a key by which the land may be definitely located by proof aliunde,' *Moseley* v. *Moon*, 201 Ark. 164, 144 S. W. 2d 1089, this lot may be definitely located in Fishback Addition. This cannot be true. Since the description places the lot in Fishback No. 2 Addition, no amount of proof aliunde could locate it in an addition that does not exist. The description being absolutely null and void, it follows that all proceedings by which the State attempted to acquire title, including the confirmation, are null and void, as the court would have no power to confirm a title where there was a total absence of any kind of title." As to the foreclosure decree of Sewer District No. 1 on January 6, 1944, while it appears that the property here was correctly described in the decree of foreclosure, however, neither the "Commissioner's Report of Sale" nor the "Commissioner's Deed" to the District, based on this decree, in the description of the property, made mention of the "City of Fayetteville." In these circumstances the Commissioner's Deed to Sewer District No. 1 under this 1944 decree was void and conveyed no title to the District to the property here involved, and following our rule announced in the *Massey* v. *Bickford Case* above, the deed from the District, dated June 12, 1950, to appellant, Mrs. Ferguson, conveyed no title since the District had no title to convey to appellant.

Our rule is well established that in a case of this nature, appellant, (Plaintiff in the court below) must recover on the strength of her own title, and not on the weakness of her adversary, (appellees). *Nix* v. *Pfeifer*, 73 Ark. 199, 83 S. W. 951; *Crow* v. *Johnston*, 209 Ark. 1053, 194 S. W. 2d 193; *Bailey, Trustee* v. *Martin*, 218 Ark. 513, 237 S. W. 2d 16.

Affirmed.