**Andrew C. ARSENAULT and
Elizabeth A. Arsenault**

v.

**INHABITANTS OF the TOWN OF ROX-
BURY and Lewis Harris.**

Supreme Judicial Court of Maine.

April 1, 1971.

Rocheleau & Fournier, by William Ro-
cheleau, Jr., and Paul C. Fournier, Lewis-
ton, for plaintiffs.

Fred E. Hanscom, Rumford, for defendants.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE and ARCHIBALD, JJ.

ARCHIBALD, Judge.

This is an appeal from the "Decree" of a Superior Court Justice and involved the validity of a matured tax lien placed by the Defendant Town against property of the Plaintiffs in the Town of Roxbury in Oxford County. The Justice below ruled that the Defendants' title, being based on the tax lien, was valid and that the tax lien contained a legally sufficient description of the Plaintiffs' taxable real estate. By stipulation, the issues were limited to the questions of assessment description and proper notice.

We confine ourselves only to the question of whether or not the description of the property in the inventory is an adequate description of the Plaintiffs' property so that it is subject to a lien for taxes.

The inventory and lien certificate both described the property as follows:

"Lot No. 9 as shown on Plan of Lots, South shore of Silver Lake, Roxbury, Maine and recorded at Oxford, ss. Registry of Deeds, Vol. D, Page 49. Cottage."

The Plaintiffs' deed correctly described their real estate in these words:

"Lot No. 9 as shown on Plan of Camp Lots, South side of Silver Lake, Roxbury, Maine and recorded September 3, 1949 in the Oxford County Registry of Deeds in Volume E, Page 58."

It was further agreed that the correct reference is *Volume E, Page 58,* as opposed to *Volume D, Page 49.* It is apparent, therefore, that both the inventory and the lien certificate erroneously referred to a volume and page wherein could be found recorded a plan descriptive of Lot 9.

The record before us contains certain other facts which have significance.

1.) The plan which is in fact recorded in *Volume D, Page 49,* does not contain any lot designated as "Lot 9".

2.) The Plaintiffs' deed (Plaintiffs' Exhibit 1), dated May 4, 1964, and recorded May 6, 1964, correctly described the property by reference to the plan recorded in Volume E, Page 58 and, also, contains a reservation of a parcel of land fifty (50) feet square out of Lot 9.

Under these circumstances is the tax title so acquired by the Defendants superior to that of the Plaintiffs?

In arriving at our result, we have certain well established precepts in mind:

"All real estate within the State * * * is subject to taxation * * *." 36 M.R.S.A. Sec. 502. "There shall be a lien to secure the payment of all taxes legally assessed * * * provided in the inventory * * * there shall be a description of the real estate taxed sufficiently accurate to identify it. * * *" Sec. 552, supra. Liens on real estate may be enforced by a tax lien mortgage as provided in Sec. 942, supra, and, "The filing of the tax lien certificate * * * having priority * * * shall give to (the municipality) all the rights usually incident to a mortgage, except (right to possession) * * *." Sec. 943, supra.

We restate the long established doctrine, which needs no citation in support, that strict compliance with statutory requirement is necessary to divest property owners of their titles for non-payment of taxes, and this principle is applicable to controversies between a municipality and the assessed owner. "To prevent forfeitures, strict constructions are not unreasonable." Milo v. Water Co., 131 Me. 372,

163 A. 163. It is also fundamental that the description of the real estate used in the inventory and valuation must be the foundation for any lien imposed subsequently thereon for non-payment of taxes. Warren v. Norwood, 138 Me. 180, 24 A.2d 229. Does, therefore, the reference to "Oxford ss Registry of Deeds, Vol. D, Page 49", an admitted error, in the description of the real estate in the inventory made by Assessors, prevent a lien for non-payment of taxes from attaching to the Plaintiffs' property?

It is a proper assessment practice to describe real estate by reference to documents recorded in a Registry of Deeds, meeting the statutory requirement of describing real estate taxed "sufficiently accurate to identify it." However, when such a method is used the recording referred to must either itself contain a description from which the property may be identified with sufficient accuracy, or it must refer to something else from which a certain identification can be obtained. Perry v. Lincolnville, 149 Me. 173, 99 A.2d 294; Oceanic Hotel Co. v. Angell, 143 Me. 160, 57 A.2d 143.

The Justice below ruled that the assessed description here met this test and cited Oceanic Hotel Co. v. Angell, supra; Greene v. Walker, 63 Me. 311; Greene v. Lunt, 58 Me. 518; and Orono v. Veazie, 61 Me. 431, as authorities for his conclusion. We have in mind, however, that these cases do not touch upon the issue raised when an *erroneous reference to a recorded document* is used to identify the property assessed.

The Defendants argue that an examination of the Oxford County Registry of Deeds would lead a prudent attorney, or title examiner, to the correct plan and would, therefore, supply a description of Lot 9 adequate to identify it. In other words, it is argued that the Registry would furnish evidence that the Assessors meant to refer to Volume E, Page 58, and not to Volume D, Page 49.

Bearing in mind that we are dealing with a forfeiture, we do not reach this conclusion. *Oceanic Hotel Co.*, supra, states at 162 of 143 Me., at 144 of 57 A.2d, "And parol evidence to show that an existing plan was the one intended cannot be received. * * * [T]he lands taxed must be definitely and distinctly described, the assessment must be as complete in and of itself as a deed and parol evidence cannot be resorted to for the purpose of supplying deficiencies in the description."

We hold that, granting the propriety of a description of real estate taxed by reference to a recorded document, when the assessors do so an inspection of that particular document must, either by its own terms, or by a reference therein, supply a description of the real estate taxed sufficiently accurate to identify it without going further, and without the aid of parol evidence. 84 C.J.S. Taxation § 463 at p. 896; Massey v. Bickford (1945), 208 Ark. 685, 187 S.W.2d 541; Tasker v. Nieto (1930), 108 Cal.App. 135, 291 P. 688 at 694; Brock v. Sobole (1938), 285 Mich. 14, 280 N.W. 91; Cohen v. Weekes, 226 App.Div. 770, 234 N.Y.S. 543; Whitmore v. Learned, 70 Me. 276; 51 Am.Jur. at 638, Taxation Secs. 679 & 680; 137 A.L.R. 197; Conners v. Lowell (1911), 209 Mass. 111, 95 N.E. 412 at 416. Tested by these standards, the description here used must fail. The reference plan, Vol. D, Page 49, neither describes the Plaintiffs' taxable real estate, nor does it refer to anything from which such description can be obtained.

Because of the conclusions reached, it is unnecessary to discuss whether or not proper notice was given in the lien process.

As the result of a pre-trial conference, an order was made concluding with this statement: "It is agreed that the issues are submitted to the Court, jury waived, on the stipulations above and the Exhibits." Thus, in effect, the facts were stipulated, and, as we have indicated, there can be

only one judgment on the record, namely, for the Plaintiffs.

The entry will be

Appeal sustained.

Remanded for entry of the appropriate judgment.

POMEROY, and WERNICK, JJ., did not sit.