The Honorable Sue W. Madison State Representative 573 Rock Cliff Road Fayetteville, AR 72701-3809
Dear Representative Madison:
This is in response to your request for an opinion on the following question:
 May the Assessor refuse to change real estate tax records in her office if she deems the legal description to be insufficient, even though they may comply with the rules as set out by the Supreme Court in the cases cited in the attached memo?
RESPONSE
I am somewhat uncertain as to why the Assessor deems the description to be "insufficient" if, in fact, it offers a key by which the property can be readily located. This is the test or rule derived from the cases cited in the memorandum attached to your request. The court in Ketchum v.Cook, 220 Ark. 320, 247 S.W.2d 1002 (1952), identified the rule as follows, quoting from a previous decision:
 The rule in this State as to whether the descriptions in deeds are sufficient to convey title is that the description therein must furnish a key by which the land attempted to be conveyed can be definitely located.
220 Ark. at 323, quoting Turrentine v. Thompson, 193 Ark. 253, 254,99 S.W.2d 585 (1937) (emphasis added).
According to my research, the above rule applies as well in connection with the assessment of property and the sale thereof for nonpayment of taxes. See, e.g., Ferguson v. Van Gundy, 226 Ark. 526, 291 S.W.2d 248
(1956); Moseley v. Moon, 201 Ark. 164, 144 S.W.2d 1089 (1940). InMoseley, a tax deed from the state (acquired by forfeiture and sale for nonpayment of taxes) was challenged as being void due to an "indefinite and uncertain" description in the assessment, levy, sale, and commissioner's deed. 201 Ark. at 166. The issue, according to the court, was whether the description was "so imperfect as to render it void." Id.
at 167. The court upheld the description upon finding that "the property can be readily located from this description[.]" Id. at 168. The court reached this conclusion after quoting the following from another case:
 `This court has held that a description of land in a tax deed is sufficient if the description itself furnishes a key through which the land may be definitely located by proof aliunde [outside proof]. [Citations omitted.] Of course, the converse of this proposition is true; that is to say, extrinsic evidence is not admissible to cure or perfect a description which in itself is void and offers no key or suggestion by which the land may be located.'
Id. at 167, quoting Halliburton v. Brinkley, 135 Ark. 592, 204 S.W. 213
(1918).
The duty of the Assessor, as set forth under A.C.A. § 26-26-717, is:
 . . . to make out, from such sources of information as shall be in his power, a correct and pertinent description of each tract or lot of real property in his county, so that it can be identified and distinguished from any other tracts or parts of tracts.
A.C.A. § 26-26-717(a)(1)(A) (Repl. 1997). See also A.C.A. §§ 26-26-718
(Repl. 1997) (duty of assessor to "correctly describe according to ownership" each parcel of real property) and § 26-26-719 (Repl. 1997) (regarding "irregular" or "incomplete" descriptions).
The purpose of the requirement that there be a "correct," "accurate," or "satisfactory" description has been explained by the Arkansas Supreme Court as follows:
 The requirement that lands be assessed with reasonable certainty and advertised in the same manner has a twofold purpose. First, the taxpayer must know how and why and for what he is charged; and, secondly, he may reasonably rely upon statutory land-sale advertisements to determine whether, through error, he has failed to pay upon designated holdings.
Burbridge v. Bradley Lumber Co., 214 Ark. 135, 153, 215 S.W.2d 710
(1948).
In conclusion, therefore, it seems clear from Moseley, supra, that the Assessor will have met his or her duty if the description "furnishes a key by which the land may be definitely located . . ." by outside proof. If, in applying this rule or proposition, the Assessor determines that the property cannot be properly assessed, then clearly he or she cannot refuse to correctly describe the property. See A.C.A. § 26-26-719
(regarding assessors' duty to "follow strictly the provisions of §26-26-717[,]" supra).
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh