OSCAR C. POST, DRAIN COMMISSIONER OF INGHAM COUNTY, v. JOHN N. HARRIS, SUPERVISOR OF THE TOWN- SHIP OF LEROY.

*Drain taxes—Authority to spread upon roll.*

1. A drain tax cannot be lawfully spread upon the assessment roll unless directed by the board of supervisors, as provided by 3 How. Stat. § 1740*f*4.

2. The adoption of the report of a committee, tabulating the reports of the several township clerks to the county clerk of all moneys voted to be raised in their respective townships, is not a direction by the board of supervisors to spread the taxes covered by the report upon the assessment rolls.

*Mandamus.* Argued January 17, 1893. Denied April 21, 1893.

95 MICH.—21.

Relator applied for *mandamus* to compel respondent to spread a drain tax upon the assessment roll of his township.    The facts are stated in the opinion.

*Arthur D. Prosser,* for relator.

*Black & Dodge,* for respondent.

HOOKER, C. J.    The relator asks a *mandamus* to compel the respondent, or his successor in office, to spread a drain tax amounting to $3,201.60 upon the assessment roll of the township of Leroy for the year 1893.

The petition alleges the location and establishment of the drain, the apportionment between the counties of Ingham and Livingston of the cost thereof, and the assessment to the township of Leroy of 92 per cent. of the portion charged to Ingham county.    It further states that said sum was duly certified, as required by law, to respondent, as supervisor, to be spread upon the roll for the year 1892, and that on October 21, 1892, he was directed to spread the same upon said roll by the board of supervisors, and that said respondent was present at the session of the board when the tax was ordered spread as aforesaid.

The respondent's answer denies that said sum was assessable to said township, " or that the same was ever duly certified, as required by law, to him, in due form, to spread the same upon the assessment roll of said township, as provided by law, for the year 1892."    It further denies that respondent " was on the 21st day of October, 1892, directed by said board of supervisors to spread the said drain tax upon said roll; " and further alleges that a copy of all of the proceedings of the board of supervisors, made a part of the answer, shows that "the said board of supervisors never directed such drain tax to be spread by respondent upon his roll, as required by section 1740f4, How. Stat., nor ever directed respondent in any manner to spread such drain tax upon his roll."

3 How. Stat. § 1740f3, provides that statements of drain assessments shall be laid before the board of supervisors for like action as is provided in cases of statements of township taxes, and section 1740f4 provides that no drain tax shall be spread unless directed by the board of supervisors, as in cases of other township taxes. Act No. 200, Laws of 1891, § 25, p. 293, provides the course to be taken in cases of township taxes as follows:

"The board shall direct that such of the several amounts of money proposed to be raised for township * * * purposes as shall be authorized by law be spread upon the assessment roll of the proper townships. Such action and direction shall be entered in full upon the records of the proceedings of the board."

The next section provides for duplicate certificates, to be delivered by the county clerk to the supervisor and county treasurer, respectively, and also makes it the duty of the supervisor "to take official notice of all certificates, statements, papers, and records in the office of the county clerk relating to the levy of taxes in his township, and of the action of the board of supervisors thereon." There is nothing in the record to show that a certificate was ever delivered by the county clerk. We are therefore not called upon to determine whether or not the supervisor could, under any circumstances, disregard such certificate.

This leaves relator's case to hang upon the action of the board, of which the law requires respondent to take official notice, and of which it is clear that he had actual notice. The subject appears three times in the proceedings of the board:

*First.* A committee was appointed "to examine the several reports of the township clerks to the county clerk, and arrange the same in proper order, and report to the board its action for consideration."

*Second.* A resolution was offered by the respondent as follows, viz.:

"*Resolved* by the board of supervisors of Ingham county,

that the supervisor of the township of Leroy is hereby authorized not to spread upon his roll the drain tax for the West Cedar drain, as assessed upon the township at large, and assessment of benefits on the tax-payers."

Which motion was received, and on like motion referred to the committee on drains.

*Third.* The committee reported the matter back to the board without recommendation.

" After a lengthy discussion, the question of the adoption of the report of the special committee appointed to recapitulate the reports of the several township clerks to the county clerk for all moneys voted to be raised by townships reported as follows:

[Here followed a table under the following caption, viz.:

| Towns | Contingent | Highway | Bounty | Drain |
|-------|-----------|---------|--------|-------|
| Poor Fund | School Tax | Town Hall | Right of Way | Cemetery |

[It was signed by the members of the committee.]
" Which report was adopted by 15 yeas and no nays."

There is nothing in this record that can be said to amount to a direction by the board to spread the tax, though it is quite possible that the board so intended it. The committee seem to have been directed to tabulate the statements. This they did, and the report was adopted. The supervisor could not lawfully spread the tax, in the absence of this direction. See 3 How. Stat. § 1740*f*4. In this respect drain taxes appear to be upon a different footing from other taxes.

The writ must be denied.

The other Justices concurred.