### KENNEDY v. AUDITOR GENERAL.

1. TAXATION—DEEDS—CANCELLATION—REDEMPTION—MANDAMUS.
   *Mandamus* will not issue to compel the auditor general to cancel a tax deed, and allow the owner of the land to redeem under sections 140 and 141 of the tax law (1 Comp. Laws, §§ 3959, 3960), unless the assessment was void or the sale unauthorized.

2. SAME—DESCRIPTIONS—CLERICAL ERROR.
   A clerical error in a tax deed, describing the premises as bounded on one side by land of H. F. Mangan, instead of H. F. Munyan, as in the assessment, is not fatal, where the deed contains an additional description that fixes with certainty the land intended.

3. SAME—ASSESSMENT.
   An assessment on land is not void because it is made in the name of one other than the owner, and includes in one description parcels owned by different persons.

4. SAME—REDEMPTION—REMEDY.
   If one whose land has been sold for taxes under a description including the land of another has a right to redeem under sections 140 and 141 of the tax law by paying to the purchaser such proportion of the amount bid as her land bears to the whole parcel, such right can only be enforced in a proceeding to which the purchaser is a party, and not in a *mandamus* proceeding against the auditor general.

*Mandamus* by Marion Kennedy to compel Perry F. Powers, auditor general, to cancel a tax deed. Submitted January 13, 1903. (Calendar No. 19,728.) Writ denied October 27, 1903.

*Albert McClatchey*, for relator.

*Charles A. Blair*, Attorney General (*Charles W. McGill*, of counsel), for respondent.

MONTGOMERY, J.   A block of land bounded on the south by the Town-Line road, on the west by Water street, and on the east by Harrison street, in Bay City, appears to have been platted as Tromble's division of Portsmouth. The relator is the owner of the south 110 feet of the east 90 feet of lot 3 of said subdivision. It appears that, in 1885, 1886, and some subsequent years, the entire east 90 feet of lot 3, including relator's land and 30 feet in width directly north of relator's land, making a parcel 90x140 feet, was assessed together as one parcel to D. J. Kennedy. These lands were sold for taxes and bid in by the State, and by the State had been sold to Albert A. Griffin in one parcel. The relator recites that Griffin has served the statutory notice, under sections 140 and 141 of the tax law (1 Comp. Laws, §§ 3959, 3960), requiring relator to redeem within six months, and threatened, in default thereof, to recover possession of the land. This petition is filed, praying that the auditor general be required to cancel the deed to Griffin, and allow the petitioner to redeem, under sections 140 and 141 of the tax law.

Obviously, *mandamus* to compel this action on the part of the auditor general cannot be allowed unless the assessment is void, or unless it be held that the sale to Griffin was unauthorized.   Neither is true.   The land was assessed by metes and bounds, describing it as bounded on one side by land of H. F. Munyan in the assessment, and in the deed it is described as bounded by land of H. F. Mangan,—evidently a clerical error.   But it is unneces-

sary to determine how fatal it might be if it were the only description, as there is an additional description of land which fixes with certainty the land intended, viz., the east 90 feet of lot 3.

Our tax laws have for years recognized the impossibility of exact accuracy in assessing lands to the owner, and in failing to exclude parcels which should be subdivided. So by section 53 of the tax law (Act No. 206, Pub. Acts 1893) it is provided that a person owning a part or parcel of real estate assessed in one description may pay on the part thus owned by paying an amount having the same relation to the whole tax as the part on which payment is made has to the whole parcel. By section 58 the same proceeding may be had after the taxes have been returned as unpaid to the county treasurer, and this payment may be made at any time before the day of sale. So by section 74 any person owning any lands which have been sold may, at any time before the first Tuesday in May in the year following such sale, redeem any parcel of such lands by showing to the satisfaction of the county treasurer or auditor general that he owns only that parcel which he proposes to redeem. But none of these steps were taken by the relator. And section 99 of the tax law expressly provides that:

" No tax assessed upon any property, or sale therefor, shall be held invalid    *    *    *    on account of the property having been assessed without the name of the owner, or in the name of any person other than the owner."

The relator, then, had her opportunity to appear before the board of review and have her assessment corrected, the opportunity of paying the tax upon the parcel owned by her while the tax rolls were in the county treasurer's hands, had the right to redeem the parcel so owned by her within the period fixed for redemption, and failed to avail herself of either opportunity.

It is further contended that she had the right to redeem, under sections 140 and 141, after notice by the purchaser, by paying such proportion of the amount bid as the prop-

erty owned by her bears to the whole assessed in one parcel. We cannot conceive how this question can be raised in the present proceedings. The auditor general certainly has followed the law, and has made the deed to Griffin, the purchaser. The respective rights of Griffin and relator must be determined in proceedings to which Griffin is a party.

The writ will be denied.

The other Justices concurred.