## TUCKER v. VAN WINKLE.[1]

1. TAXATION—SALES OF LAND—NOTICE TO REDEEM—SUFFICIENCY.
   A notice of the sale of land for taxes served on the record owner pursuant to section 140 of the general tax law (§ 3959, 1 Comp. Laws) is ineffectual if it omits the name of the county and State.

2. SAME—SERVICE—PART OWNER.
   The service of a proper notice on one who claims an interest in the timber growing upon the land will not entitle a tax purchaser to possession as against the record owner who was served with a deficient notice.

Appeal from Schoolcraft; Steere, J. Submitted November 14, 1905. (Docket No. 83.) Decided December 4, 1905.

Petition by Edgar H. Tucker against Lewis Van Winkle, Charles Montague, and William Bonifas for a writ of assistance. From a decree for defendants, petitioner appeals. Affirmed.

*V. I. Hixson* and *David Knox*, for petitioner.

*F. D. Mead*, for defendants.

HOOKER, J. The petitioner holds the auditor general's deed to the premises in question. He has filed his petition for a writ of assistance, that he may be put in possession of said lands. Defendants Van Winkle and Charles Montague are the grantees named in the last recorded deed in the regular chain of title to said lands, and claim to be owners. William Bonifas claims to have an interest in the timber growing upon said land. The petition is opposed, upon the grounds that the notices served did not conform to the requirements of section 140 of the tax law

---

[1] Rehearing denied January 23, 1906.

(1 Comp. Laws, § 3959), and that proper proof of service was not made. Most of the questions raised have been decided in the recent case of *Williams* v. *Olson*, 141 Mich. 580, and need not be further alluded to.

The notices served upon Van Winkle and Bonifas are deficient in the description of the lands; the county and State being omitted. If the name of the State appeared, the township and range, which are given, would serve to define the land. As it is, the notice fails to show whether the lands are in Michigan, or in any one of the many other States, where similar methods of survey have been followed. While the case cited indicates that the statute is not to be construed and enforced technically, we are of the opinion that it should furnish means of identifying the land. The notice to Montague contains the name of the State, but that does not give petitioner the right to possession.

The order of the circuit court is affirmed, with costs.

GRANT, BLAIR, MONTGOMERY, and OSTRANDER, JJ., concurred.