### BRIGGS *v.* GULICH.

TAXATION — TAX DEED — RECOVERY OF POSSESSION — ACTION BY OWNER.

Sections 140 and 143 of the general tax law (§§ 3959, 3962, 1 Comp. Laws), relative to the six months' notice of redemption, and limiting the right of the owner to question the validity of the tax sale to six months after service of such notice, apply only to tax titles obtained through courts of chancery, under the provisions of the present law, and do not apply to an action in ejectment to recover lands sold under the previous law in 1887 for the taxes of 1885, though the deed from the State was given after the enactment of the present law.

Error to Gratiot; Stone, J. Submitted October 11, 1905. (Docket No. 42.) Decided March 27, 1906.

Ejectment by Rena R. Briggs against Benjamin F. Gulich and others. There was judgment for defendants, and plaintiff brings error. Affirmed.

*Albert McClatchey*, for appellant.

*J. Lee Potts*, for appellees.

McALVAY, J.   This is an action in ejectment to recover possession of certain lands in Gratiot county to which plaintiff claims title by virtue of a certain State tax deed. The defendants claim under the original title.

In October, 1887, this land was sold for taxes assessed for the year 1885, and, not being redeemed, was placed on the State tax land list October 1, 1888, where it remained until April 14, 1903, when it was sold to a purchaser, and a State tax deed was issued on May 2, 1903. Plaintiff in this suit derived title from this purchaser by quitclaim deed August 22, 1903. This land had never been offered for sale for this tax, except, as above stated, in the year 1887. The deed to the purchaser from the State contained the proviso that it was made "subject to the relevant conditions imposed by Act No. 229 of the Public Acts of 1897." More than six months prior to beginning this suit, notices were served upon all parties entitled to notice claimed to conform to the provisions of section 140 of the present tax law (1 Comp. Laws, § 3959). The case was tried before the court, without a jury. On the part of defendants proof attacking the validity of plaintiff's tax deed was offered and received, subject to objection and exception by plaintiff. Defendants also offered proof tending to show adverse possession of this land by them and their grantors, since April, 1887, which, subject to like objection and exception, was received.

The following facts were found by the court relative to the invalidity of the tax of 1885:

"1. At the October session of the board of supervisors for the county of Gratiot, for the year 1885, as appears from the record of the proceedings of said board, the committee on taxation made a report, consisting of a tabulated statement, which statement, after giving the name of each township in the county, had extended in separate columns headed, respectively, 'State Tax,' 'County Tax,'

'Township Tax,' 'School Tax,' and various other taxes, and containing certain sums in each of said columns opposite the several townships. Underneath this tabulated statement is written the names of three supervisors, and opposite thereto 'Committee on Taxation,' and under the word 'Committee' is written the word 'Adopted.' Nothing further appears in said record as to any report of said committee, nor any consideration of said report by the board, nor any action or order of determination of the said board in that regard, nor of any direction to the several supervisors as to the several taxes to be assessed on their respective rolls for that year. I therefore find that no such order of determination was made or direction given to the supervisor of the township of Lafayette to spread the tax in question upon the assessment roll for the year 1885.

"2. The clerk of the board dated and signed the regular printed certificate to the supervisor of the township of Lafayette, certifying that the several taxes mentioned in the said tabulated statement of the said committee on taxation, opposite the said township of Lafayette, were ordered by said board of supervisors to be spread on the assessment roll of his township for the year 1885.

"3. The supervisor of said township of Lafayette proceeded and assessed the said several taxes against the lands and personal property, as mentioned in said certificate, and among the lands so assessed was the south half of the northwest quarter of section 34, against which was assessed a total tax of $15.12."

Other facts were found by the court, which need not be quoted, being undisputed or unnecessary to consider in deciding the case. The conclusions of law were that the tax was illegal; that the provisions of the tax law of 1897, providing a limitation of six months in which the owner of the land may question the tax or deed, did not apply in this case; and that plaintiff had not the title or right of possession of the lands in question, and defendants were entitled to judgment.

It is not claimed by plaintiff that any proceedings were had looking towards a sale of this State tax land under the provisions of sections 78–82 of the present tax law (1 Comp. Laws, §§ 3901–3905), but it is claimed that the

deed from the auditor general having been given to plaintiff's grantor after August 29, 1897, the notices specified by section 140 were required to be given, before suit to obtain possession of the land could be commenced; that such notices having been properly served, and no suit or proceeding having been begun within six months by the owners of the land, their grantees or representatives, as provided by section 143 (section 3962) of the general tax law, said parties are barred in this suit from questioning the validity of the tax title or tax deed. The title upon which the plaintiff relies is derived from a tax sale of this land made in October, 1887, for the taxes of 1885. The year for redemption expired October 1, 1888, at which time it was placed on the State tax list, where it remained until the purchase by plaintiff's grantor in 1903. The State acquired whatever rights it had under the tax law in force before the adoption of the present system providing for the foreclosure of tax liens in our chancery courts. The provisions of sections 140 and 143 of the present tax law, relative to notice and limitation of the right of action, were intended to apply to tax titles obtained through courts of chancery, and not to titles obtained under proceedings had under the earlier laws. The court was correct in holding that the above-mentioned provisions of the law of 1897 did not apply to this case

We therefore hold that the circuit judge was not in error in allowing the testimony tending to show the tax in question illegal, nor in finding that the record of proceedings of the board of supervisors did not show any apportionment of the taxes for 1885 to the different townships, or direction that the same be spread upon the several assessment rolls, as provided by the then existing law. *Post* v. *Harris*, 95 Mich. 323.

It is not necessary to discuss other questions raised.

The judgment of the circuit court is affirmed.

GRANT and BLAIR, JJ., concurred.

GRANT, J. (*concurring*).   I concur in affirming the judgment in this case, for the reason that Act No. 229 of the Public Acts of 1897, as amended by Act No. 128, Pub. Acts 1901, and by Act No. 236, Pub. Acts 1903, does not apply to the tax deed under which plaintiff claims title. The above-named statutes, providing for a six months' notice and six months' limitation of the right of action, were intended in terms to apply to tax titles obtained . through courts of chancery and not deeds obtained under tax proceedings before the law provided for foreclosing tax liens in our chancery courts.   The writ of assistance spoken of in the statute belongs only to courts of equity, and is usually the only process for enforcing decrees for the possession of land.  Jennison's Chancery Practice, pp. 160, 206.   The act of 1897 was by its terms expressly limited to titles which had been, or should thereafter be, obtained "in pursuance of any tax sale made after the 29th day of August, 1897."   Prior to Act No. 195, Pub. Acts 1889, which completely changed proceedings to enforce the collection of taxes by sale, the only method by which such title could be tested was by an action of ejectment brought by the tax title owner where the owner is in possession, or by the original owner if the tax title owner had obtained possession, or by the proper suit in equity to quiet title.   As to tax titles obtained under these proceedings, those remedies still remain, and are the exclusive remedies.   Under those tax titles the owner of the tax title can obtain no writ of assistance, except at the determination of a suit in equity, and no writ of ejectment, except upon judgment in an action at law sustaining the validity of his tax title. The statute of limitations provided by Act No. 128, Pub. Acts 1901, is not a general statute of limitation as to tax title, but applies only to titles obtained under chancery proceedings.   This statute of limitations, in the original act of 1897, was held void as not within the purview of the title.   *Citizens' Savings Bank of Detroit* v. *Auditor General*, 123 Mich. 511; Act No. 128, Pub. Acts 1901, remedied this defect in the law, and is valid.

Ostrander, J. (*concurring*). I do not feel at all certain that the entire record of the board of supervisors, taken in connection with the certificate of the clerk of the board, may not show a sufficient compliance with the statute, and I think this case and *Post* v. *Harris*, 95 Mich. 323, are to be distinguished. However, the finding recites certain things which do appear, with a conclusion of fact, and appellant has not excepted thereto nor asked to have the finding corrected. I concur, therefore, in affirming the judgment.

Moore, J., concurred with Ostrander, J.