· CURRY *v.* LARKE.

TAXATION—TAX SALES—NOTICE—SUFFICIENCY.
  A notice of the sale of land for taxes which is insufficient for
  the reason that no State or county is named in the descrip-
  tion in the body thereof is not aided by printed and written
  indorsements on the back thereof showing the State and
  county.

Appeals from Presque Isle; Emerick, J. Submitted
June 8, 1908. (Docket Nos. 41, 42.) Decided June 27,
1908.

Bills by Walter J. Curry against Augusta Larke and
Edward E. Ayer, and against Frederic Denny Larke and
Edward E. Ayer to quiet title to certain land. From
decrees dismissing the bills, complainant appeals. Af-
firmed.

*Jahraus & Rawden,* for complainant.

BLAIR, J. The determination of both of the above
cases depends upon the legal sufficiency of the notices of
reconveyance served by complainant, as purchaser of cer-
tain tax titles, upon defendants. No State or county is
named in the description in the body of the notice, and
it is conceded that, "if that were all of the notice and
nothing else appeared thereon whereby the person receiv-
ing the same could identify the lands, they would clearly
be defective under *Tucker* v. *Van Winkle,* 142 Mich.
210." It is contended, however, that these cases are dis-
tinguishable from *Tucker* v. *Van Winkle* because there
was printed on the backs of the notices served the follow-
ing: "State of Michigan, County of ———" and in the
blank space was written, "Presque Isle."

We agree with the circuit judge that the indorsements upon the notices were no part of the statutory notice and the decrees dismissing the bills of complaint are affirmed.

GRANT, C. J., and MOORE, CARPENTER, and MCALVAY, JJ., concurred.