LOUD *v.* O'BRIEN.

1. TAXATION—ASSESSMENT ROLLS—PRESUMPTIONS.

In determining the validity of a tax deed, attacked on the ground that the assessment rolls were improperly prepared because property owned by complainant was grouped with other descriptions, the court will presume, unless the evidence shows the contrary, that the assessors performed their duty correctly by assessing the lands to the true owners.

2. SAME—JUDGMENT—RES JUDICATA—COLLATERAL ATTACK.

There being no jurisdictional defect, the decree of the circuit court in chancery for the sale of the lands for taxes is not open to collateral attack.

3. SAME—DESCRIPTIONS—DIVIDING TAX TITLE.

An owner of land which is subject to a tax title covering other descriptions all assessed as one parcel, cannot compel the holder thereof to accept less than the entire tax and penalty provided by statute, in redemption.

Appeal from Alcona; Connine, J. Submitted June 20, 1911. (Docket No. 110.) Decided October 2, 1911.

Bill by Henry N. Loud against Michael O'Brien and James Francis, copartners as O'Brien & Francis, to redeem from the purchase of certain State tax lands. From a decree dismissing the bill, complainant appeals. Affirmed.

*Charles R. Henry* and *Guy D. Henry*, for complainant.

*O'Brien & Francis*, for defendants.

BLAIR, J. In 1905, Henry N. Loud, of Au Sable, Mich., became and was the owner in fee simple of the N. W. ¼ of the N. E. ¼ of section 8, town 27 N., range 6 E., Alcona county, State of Michigan. The lands are wild lands. In July, 1907, the defendants Michael O'Brien and James Francis obtained from the State of

Michigan tax deeds for the N. W. ¼ of the N. E. ¼ and the S. ½ of the N. E. ¼ of section 8, town 27 N., range 6 E., for the taxes of 1883 to 1905, inclusive.. On August 26, 1908, the defendants served upon complainant what purported to be a notice by purchaser under tax sale. This notice was not addressed to the complainant by name, but "to the owner or owners" of any interest in the land described therein.    Under description of land in the notice is set out the N. W. ¼ of the N. E. ¼, the S. ½ of the N. E. ¼, of section 8, town 27 N., range 6 E., Alcona county, State of Michigan.    The amount paid is $300.40, and the amount necessary to redeem is $605.80, plus fees of the sheriff.

Shortly after the receipt of this notice, complainant sought to redeem the N. W. ¼ of the N. E. ¼, the one forty of the three contained in the description in the notice which he owned, or in which he had any interest. He offered to pay the defendants all that was justly and proportionately due for this one forty, and all that was fair and equitable, including the 100 per cent. and incidental fees, for the redemption of his own land.    Defendants, however, refused to accept any sum less than the amount set out against the three forties in the notice. Complainant later filed his bill, claiming a right to redeem this N. W. ¼ of the N. E. ¼, and upon the dismissal of the bill in the circuit court for the county of Alcona, in chancery, appeals to this court.

Complainant urges the reversal of judgment rendered in the lower court upon the following grounds:

"(1) The tax deeds involved are void, because the assessment rolls for the several years were wrongfully and illegally made up, and because certain descriptions were wrongfully grouped together on the rolls.

"(2) The notice served by the defendants on the complainant was void.

"(3) The complainant can, in equity and law, under the existing conditions, redeem the N. W. ¼ of the N. E. ¼, section 8, town 27 N., range 6 E."

1. In support of this contention, complainant instances

the following facts: During the years 1883 and 1884, the said N. W. ¼ of the N. E. ¼ is included in the W. ½ of the N. E. ¼, and no town or range is set forth. The tax roll for 1886 contains, in the proper place therefor, at the top of the page, neither county, township, nor year. The forty in question was never assessed to complainant, and how he acquired his title in 1905, or from whom he purchased it, does not appear. No complaint is made of the decrees of sale or subsequent proceedings based thereon. In the tax rolls for 1886 to 1900, both inclusive, the taxes on the said N. W. ¼, and S ½ of the N. E. ¼, are assessed separately to "A. & G. Pack." In the year 1896, however, the assessment roll also contained an assessment of the W. ½ of the N. E. ¼ of section 8 to S. J. Bennett. In the tax rolls for the years 1901, 1903, 1904, and 1905, the taxes are assessed to L. K. Parkhurst. There is nothing in this record to indicate that the persons named were not the owners, and, in the absence of evidence to the contrary, we must assume that the assessing officers did their duty and assessed the lands to the owners thereof.

It therefore appears that from 1886 to 1905, when complainant acquired his title to the 40 acres, it and the 80 acres, as separate descriptions, had been owned by, and assessed to, the Packs, and afterwards to Parkhurst. The fact that the forty was also assessed to Bennett in 1896, evidently by mistake, does not affect the status of the property. So far as this record discloses, the question whether the assessment and sale of one man's property with that of another avoids the sale is not presented, if that would change the result. There is nothing in the circumstances of this case affecting the jurisdiction of the circuit court to make the decrees for the sale of the property. We, therefore, agree with the circuit judge that such decrees are not open to collateral attack. *Kennedy* v. *Auditor General*, 134 Mich. 534 (96 N. W. 928); *Flint Land Co.* v. *Godkin*, 136 Mich. 668 (99 N. W. 1058); *Smith* v. *Auditor General*, 138 Mich. 582 (101 N. W. 807).

2. Upon this point, the court sustained the appellant, and it is therefore unnecessary to consider it.

3. Upon this point, we adopt the opinion of the circuit court as follows:

"The complainants insist that defendant should permit them to repurchase this one forty, and accept therefor one-third of the amount defendants paid, and 100 per cent., and they ask the court to make such a division of the price, and enforce a reconveyance on payment of that sum. The defendants are unwilling to do this, and say they cannot be made to do it. Complainants have no equitable rights in this land; the only right they have to it is the bare legal right to buy it back, and that is the way laid down in the statute, and no other. These three forties were so assessed and sold that defendants were compelled to buy them all together, as one description, for all the years the State held them; defendants could not buy, nor the State sell, in any other way than was done. There is in the statute no way or authority, either express or implied, for a division of the amount defendants paid; and for the court to force a reconveyance here would be to enlarge the statute, and add to it conditions which the legislature did not see fit to insert. The Supreme Court has refused to enlarge the same statute by allowing one tax to be paid and another litigated. *Haney* v. *Miller*, 154 Mich. 337 (117 N. W. 71, 745). Complainants and their grantors had several legal opportunities to protect themselves; they could have had their land separately assessed; they could have released their land by paying its share of the taxes to the town treasurer, and again to the county treasurer, and still again to the auditor general; and they could have appeared each year before the chancery court, and there had their land and its taxes separated. All these things they could have done, because the statute gives them the right; but without such statutes they could not do those things. So, without statutory authority, the court cannot arbitrarily divide this tax between these parties, and force defendants to reconvey part of their purchase."

The decree is affirmed.

MOORE, MCALVAY, BROOKE, and STONE, JJ., concurred.