McRAE v. BARBER.

1. TAXATION—TAX TITLES—NOTICE—REDEMPTION—STATUTES.
   Notice to the holder of the title of record of the purchase of State tax lands bid in and held by the State prior to Act No. 229, Pub. Acts 1897, 1 Comp. Laws, § 3959, is required under the provisions of that act as to conveyances made by the State to the purchaser subsequent to the time when the act went into effect.

2. SAME.
   Such notices are invalid for failure to show the State, county, and township in which the lands are situated.

3. SAME—DESCRIPTION.
   And they should show the amount paid for each parcel described and assessed separately.

Error to Ogemaw; Sharpe, J. Submitted April 4, 1911. (Docket No. 9.) Reargued October 9, 1911. Decided November 3, 1911.

Ejectment by John McRae, Lucy McRae, and Samuel Anker against William Barber and Mariette Barber. A judgment for defendants on a verdict directed by the court is reviewed by plaintiffs on writ of error. Reversed.

*William T. Yeo*, for appellants.

*Foster L. Snodgrass*, for appellees.

McAlvay, J. Plaintiffs have brought this case to this court upon a writ of error from a judgment entered upon a directed verdict against them, in an action of ejectment.

A full statement of the titles to the lands involved in this suit claimed by the respective parties thereto would be of too great length, and not necessary to the consideration of the case. Plaintiffs claim to be the owners in fee through the original chain of title. Defendants Barber and wife claim by virtue of certain State tax deeds, under which they claim to have gone into possession. We may consider, for the purposes of this case, that plaintiffs made proof, *prima facie*, of ownership under the original title. This is in effect the view of the trial court in determining the case, holding the title of defendants good under at least one tax deed, and directing a verdict for them.

The plaintiffs were not attacking the validity of all of defendants' titles, but contended that before defendants were entitled to enter into and hold possession of said lands, even if any or all of the tax titles were valid, notice was required to be given as provided by Act No. 229, Pub. Acts 1897 (1 Comp. Laws, § 3959), the purchases of the State tax bids having been made, and the deeds to defendants' grantors having been executed, subsequent to the going into effect of said act, and said deeds each containing the proviso " that this indenture is subject to the relevant conditions imposed by Act No. 229 of the Public Acts of 1897."

One of the deeds from the State, under which defendants claimed title and right of possession, was for the taxes

of 1882, 1883, 1884, and 1885, and the court held that the deed was valid as to the taxes of 1885, in his charge to the jury saying:

"The question is as to whether or not the first of those deeds for taxes which ripened into title in the State under the old law is applicable to the provisions of that law which required the giving of notice."

Relying upon the case of *Briggs* v. *Gulich*, 143 Mich. 457 (107 N. W. 269), the trial court held that notices under the act invoked by plaintiffs were not required. The principal assignment of error is based upon such holding.

An examination of the opinions in *Briggs* v. *Gulich, supra*, shows that plaintiff in ejectment sought to recover possession of land to which he claimed title by virtue of a certain tax deed upon a sale made in October, 1887, for taxes assessed for the year 1885. There having been no redemption of the land, it was placed upon the State tax list, October 1, 1888, where it remained without having been offered for sale until April 14, 1903, when it was sold, and a State tax deed was issued May 2, 1903. The validity of this tax title was questioned by defendants, on the ground that the tax was illegal. Plaintiff insisted that, having given the requisite six months' notice, and no suit having been begun within the time limited, defendants were "barred from questioning the validity of the tax title or tax deed." Defendants did not question that the notice had been given, but insisted that they had never had their day in court; and as to sales made under the old system, before the adoption of the present system of foreclosure of tax liens in courts of chancery, the limitation of the right of action created by the notice under the present system did not apply.

This was the only question decided in the case, as to the application of the present tax law or its construction, and upon this proposition both opinions in the case state that the requirements of the present law relative to notice and limitation of the right of action did not apply. The word "notice" was used because it is the necessary step

to be taken in order to start the running of the statute of limitations, and is therefore, inseparable from it. This court, in *G. F. Sanborn Co.* v. *Alston*, 153 Mich. 456 (116 N. W. 1099), did not discredit or overrule *Briggs* v. *Gulich, supra.* The question decided in the later case was that the notice provided by Act No. 229, Pub. Acts 1897 (1 Comp. Laws, § 3959), as amended, requiring tax purchasers to give the record owners the prescribed notice, and allowing the owners six months after such notice to obtain a reconveyance upon the specified conditions, applies as well to lands which before the passage of the act has been bid in to the State, and to which the State as the law then stood had an indefeasible title, as to lands subsequently bid in. The court in so holding used the following language:

"The title to many thousands of acres of land was in the State at the time the act of 1897 was passed. The title to many other thousands has since been acquired by the State. We think it was clearly the intention of the legislature to give to all the original owners of land the right conferred by the act of 1897, viz., to obtain a reconveyance of their land thereafter purchased, whether from the State directly or at tax sales, by paying the tax title purchasers the amounts provided thereby. Such, we think, has been the understanding of the profession. Many cases have been before the courts where the title has been acquired from the State in the same manner as that acquired by the defendant Alston, and no question has before been raised as to the right to the benefit of the act."

The original record and briefs in that case show that the attention of this court was called to the case of *Briggs* v. *Gulich, supra.*

The trial court was in error in holding that a notice by the tax title purchaser, as required by the present tax law, was not necessary to be given in the instant case, and in directing a verdict for defendants. As the court cannot finally dispose of the case, for the reason that the record is not sufficiently clear to inform the court of all the necessary facts, other questions presented will not be considered,

except to say that the notices required by the tax law, which were claimed to have been served upon some of the plaintiffs, did not conform with the statutory requirements, in that they did not give the State, county, or township in which the lands were situated. *Tucker* v. *Van Winkle*, 142 Mich. 210 (105 N. W. 607); *G. F. Sanborn Co.* v. *Alston, supra.* Nor did they give to each parcel of land described and assessed separately the amount paid for each description. *Jackson* v. *Mason*, 143 Mich. 355 (106 N. W. 1112). It was error for the court to admit these notices in evidence over the objections of plaintiffs.

For the errors pointed out, the judgment is reversed, and a new trial ordered.

OSTRANDER, C. J., and BIRD, STEERE, MOORE, BROOKE, BLAIR, and STONE, JJ., concurred.