ROGERS *v.* DAVISON.

1. TAXATION—DESCRIPTION—NOTICE TO REDEEM.
    Where complainant acquired title to land, which was assessed as one parcel, by the tax deed of 1892, and, in order to acquire such title, was required to pay taxes subsequently assessed on the premises as two parcels, it was unnecessary, in the notice to redeem, to state the separate amounts assessed to each parcel, as defendant would have to pay the total amount to redeem either parcel.

2. SAME—DESCRIPTION—NOTICE TO REDEEM—EXCESSIVE DEMAND—DEFECTIVE NOTICE.
    Complainant's demand, in the notice served on defendant, for $10.00, as for two descriptions, was excessive, where the statute allows $5.00 for each description; but the

notice was not thereby invalidated, as the "amount paid" in taxes, required by the statute, was correctly given.

3. SAME—NOTICE TO REDEEM—EASEMENTS.
    Where the patentee of land sold part of the premises, reserving a roadway connecting the two parcels, and later sold the other parcel, the title to both becoming merged in one owner, the easement was extinguished, and the notice to redeem from a tax sale was not defective because not served upon the patentee.

Appeal from Alpena; Emerick, J. Submitted October 14, 1914. (Docket No. 94.) Decided October 29, 1915.

Bill by Austin L. Rogers against Robert A. Davison to remove a cloud from complainant's title, and to restrain an action at law. From a decree for plaintiff, defendant appeals. Affirmed.

*O'Brien & Francis,* for complainant.

*D. W. Closser* (*Joseph H. Cobb,* of counsel), for defendant.

BIRD, J. On December 5, 1904, complainant, Rogers, bought from the State the southeast ¼ of the northwest ¼ and the northeast ¼ of the southwest ¼ of section 10, township 29 north, range 6 east, for the delinquent taxes of 1892. At the same time he was required to and did buy the title of the State for the delinquent taxes of 1890, 1893, 1894, 1898, 1899, and 1900. He also purchased the State bids for the taxes of 1901, and he paid the taxes levied thereon for the years 1902 and 1903.

On the 16th day of February, 1906, complainant caused to be served upon defendant, Samuel A. Davison, the owner of the original title, the statutory notice to redeem. Davison did not redeem, but after the time had expired in which he could redeem he commenced an ejectment suit against the tenants of com-

plainant, whereupon complainant filed this bill to remove the cloud from his title, and, further, to restrain the proceedings at law to which he had not been made a party. Two questions are raised on appeal by the defendant:

(1) Was the notice to redeem defective?
(2) Was the notice served upon all of the parties in interest?

1. To support this contention two defects are pointed out:

(*a*) That the notice fails to give to each parcel of land described and assessed separately the amount paid for each description; (*b*) that two descriptions were charged for, whereas only one should have been demanded.

(*a*) It is said in *Jackson* v. *Mason,* 143 Mich. 355 (106 N. W. 1112), that:

"We have held that, where a notice was based upon several years' taxes, a notice giving the aggregate was proper. *Williams* v. *Olson,* 141 Mich. 580 (104 N. W. 1101) ; *Tucker* v. *Van Winkle,* 142 Mich. 210 (105 N. W. 607). This was for the reason that to repurchase, all taxes upon the description must be paid. Where, however, as in this case, there are various descriptions separately sold, the amount paid for each should be given in the notice, failing in which the notice is not a compliance with law."

Other holdings to the same effect are *Duncan Land, etc., Co.* v. *Rusch,* 145 Mich. 1 (108 N. W. 494) ; *Sanborn Co.* v. *Johnson,* 148 Mich. 405 (111 N. W. 1091) ; *Haden* v. *Closser,* 153 Mich. 182 (116 N. W. 1001) ; *McRae* v. *Barber,* 167 Mich. 314 (133 N. W. 12).

These cases are relied upon to show the defect claimed. The trial court held, in substance, that these cases were not in point, because the instant case presents a different situation. Attention is called to the fact that the premises were assessed and sold in 1892 as one parcel. Subsequent to that year the premises

were assessed as two parcels, because owned sepa-
rately. Complainant acquired title thereto by the tax
deed of 1892, and in order to acquire such title he was
obliged to pay all other taxes which had become a lien
thereon. In view of this the chancellor held that it
was unnecessary to state in the notice the separate
amounts assessed to each parcel, because the defendant
was obliged to pay all those sums whether he redeemed
the whole or only one parcel. This distinction seems
to be well taken, and to be supported in *Loud* v.
*O'Brien,* 167 Mich. 206 (132 N. W. 495).

(*b*) But if it is true that there was no necessity
for the annual taxes to be apportioned to the two par-
cels, then we are of the opinion that only one descrip-
tion should have been charged for, and that the de-
mand in the notice for $10 for two descriptions was
an excessive demand.

The question then arises whether the excessive de-
mand invalidates the notice. We held in *Teal Lake
Mining Co.* v. *Olds,* 178 Mich. 335 (144 N. W. 845),
that an excessive demand of the "amount paid" was
fatal. The reason for so holding was because the form
of the notice prescribed by the statute (Act No. 204,
Pub. Acts 1899) makes it mandatory that the "amount
paid" be stated. There is no claim here that there
was an excessive demand of the "amount paid." The
excessive demand arose out of the statutory permis-
sion to charge $5 for each description. The court is of
the opinion that a distinction should be made between
these demands. The form of the notice prescribed by
the statute includes a demand for $5 for each descrip-
tion, but it does not require the aggregate amount for
several descriptions to be stated. When this demand
is made in the notice and followed by the descriptions,
the person upon whom the notice is served can make
the computation as well as the owner of the tax title.
Presumably the legislature required the "amount paid"

to be stated in the notice, because of the difficulty of its ascertainment. Its failure to require the total amount claimed for descriptions to be stated was undoubtedly due to the fact that the person receiving the notice could gather the information from the face of the notice and make the computation himself, if he chose to do so. In the case before us, if the original owner believed that the demand for descriptions was excessive, he had the right to tender the amount for one description, and, had he done so, his redemption would have been effective. We are therefore of the opinion that, where there is a failure to state in the notice the aggregate amount claimed for descriptions, or where there is an excessive demand for descriptions, the notice should not by reason thereof be invalidated.

2. It is claimed by appellant that the notice to redeem should have been served upon Robert McLeod, who patented the land. McLeod erected his buildings on the north 40, and afterwards, when he sold the south 40, the following reservation was made in the deed:

"The party of the first part reserves the right of a road two rods wide from the northeast corner of the said parcel of land above described, and running south to Wolf creek."

Subsequently McLeod sold the north 40, and later the title thereto became vested in the owner of the south 40. The wording of this reservation would not justify us in construing it as an exception to the grant, but it undoubtedly did create an easement. *Bolio* v. *Marvin,* 130 Mich. 82 (89 N. W. 563). When the title to both forties became vested in the same grantee, the easement was extinguished by operation of law. This was the view of the chancellor, and we are in accord with it.

It follows from what has been said that the decree of the trial court must be affirmed.

BROOKE, C. J., and KUHN, STONE, OSTRANDER, MOORE, and STEERE, JJ., concurred.

The late Justice MCALVAY took no part in this decision.