DUCK *v.* McQUEEN.

1. TAXATION—JURISDICTION—DECREE OF SALE—STATUTES.

Tax deed was void for want of jurisdiction of court to enter tax decree, where decree was rendered second day of term, which was last day, in violation of statute requiring court to be in session five days to permit objections (Act No. 206, Pub. Acts 1893, § 66).

2. SAME—ADVERSE POSSESSION—LIMITATION OF ACTIONS.

Where purchaser under tax deed was in possession of premises only while removing timber therefrom, and his possession was not shown to have been actual, open, or notorious, he did not acquire title by adverse possession under five-year statute of limitations (1 Comp. Laws 1915, §§ 4070, 4071).

3. SAME—LACHES—ESTOPPEL—NOTICE.
   . Plaintiff filing bill to redeem from tax sale is not barred by laches from attacking prior tax title, where it does not appear that she or her predecessors in title had actual notice thereof until cross-bill to quiet title thereunder was filed in instant suit, and no rights of innocent parties have intervened.

4. EQUITY—LACHES.
   Laches will not bar defense in equity, but is only bar to affirmative equitable relief prayed, because, when laches appears, court merely leaves parties where it finds them.

5. TAXATION—NOTICE OF RECONVEYANCE—MISDESCRIPTION.
   Notice of reconveyance under tax sale was void for misdescription where it described land as located in section 24, when in fact it is situated in section 25.

6. SAME—NOTICE TO ORIGINAL OWNER NECESSARY.
   Contention of tax title purchaser that original title had been cut off by sale to State, and that service of notice of reconveyance on original owner was therefore unnecessary, is untenable.

7. SAME—LACHES—ESTOPPEL—NOTICE.
   Where no valid notice of reconveyance under tax sale was served, owner is not barred by laches from redeeming therefrom.

8. ADVERSE POSSESSION—TAXATION—WILD LAND—NOTICE.
   Where land purchased under tax deed is wild and uncultivated, has no inclosing fences, buildings, clearings, trespass signs, posted notices, or other *indicia* of ownership, and purchaser was in possession only periodically for purpose of removing timber, Christmas trees, and gravel, and owner did not know that purchaser was claiming possession and title, there was no such actual, notorious, or continuous possession for 15 years as required by statute to give title by adverse possession.

Appeal from Montmorency; Ferguson (Homer), J., presiding. Submitted April 5, 1933. (Docket No. 32, Calendar No. 36,945.) Decided May 16, 1933.

Bill by Mildred Duck against James H. McQueen and others to redeem real estate from tax sale and for an accounting. Cross-bill by defendants against

plaintiff and others to quiet title. Decree for plaintiff. Defendants appeal. Affirmed.

*Dayton W. Closser,* for plaintiff.

*Isadore Isackson,* for defendants.

FEAD, J. Plaintiff filed bill to redeem a 40-acre parcel of land from tax title acquired by two of the defendants in 1907, for the taxes of 1892 to 1903 inclusive. By answer and cross-bill, defendants claim title under the deed of 1907 and notice of reconveyance, under tax deed to Herman Besser in 1895 for the taxes of 1891 and quitclaim deed to defendants, and by adverse possession of both Besser and defendants. They also pleaded laches. Plaintiff had decree.

The Besser deed was void for want of jurisdiction of the court to enter tax decree because the decree was rendered the second and last day of term, in violation of the statute (Act No. 206, Pub. Acts 1893, § 66) requiring the court to be in session five days to permit objections. *Peninsular Savings Bank* v. *Ward,* 118 Mich. 87; *McGinley* v. *Calumet & Hecla Mining Co.,* 121 Mich. 88; *Aztec Copper Co.* v. *Auditor General,* 128 Mich. 615; *John Widdicomb Co.* v. *Card,* 218 Mich. 72 (22 A. L. R. 545).

Besser did not obtain title by adverse possession for five years under his tax deed (1 Comp. Laws 1915, §§ 4070, 4071). He cut the logs about 1896, and three to five years later the cedar was cut in a month. There was testimony that he was lumbering in the vicinity for about 12 years, but it was not shown that he had any actual, open, or notorious possession of the premises at bar except when removing the timber. The court was right in holding

that his possession was not continuous for the necessary period.

For several reasons plaintiff is not barred by laches from attacking the Besser title. It does not appear that plaintiff, or her predecessors in title, had actual notice of the tax sale to Besser until the cross-bill was filed herein. Nor have the rights of innocent parties intervened. *Aztec Copper Co.* v. *Auditor General, supra,* distinguishing *Cook* v. *Hall,* 123 Mich. 378. The case discloses no inequity in plaintiff attacking the Besser deed, founded upon intermediate change of conditions and arising out of the lapse of time. *Epstean* v. *Mintz,* 226 Mich. 660. Besser paid no subsequent taxes, took possession only to remove the timber, and has made no claim of title since. The delay and circumstances relied on by defendants to constitute laches in plaintiff would apply with equal force against their claim under the Besser title. The Besser title was injected into the case by defendants' cross-bill to quiet such title. Laches will not bar a defense in equity. It is only a bar to affirmative equitable relief prayed, because, when laches appears, the court merely leaves the parties where it finds them. *Georgia R. & B. Co.* v. *Wright,* 124 Ga. 596, 620 (53 S. E. 251); *Paragould* v. *Lawson,* 88 Ark. 478 (115 S. W. 379); 21 C. J. p. 215.

The cross-bill was properly dismissed.

The tax notice of reconveyance under the sale of 1907 was served on plaintiff's mother, Mrs. Klock, the then original owner. It described the land as located in section 24. It is situate in section 25. The notice was void for misdescription. *Tucker* v. *Van Winkle,* 142 Mich. 210; *Curry* v. *Larke,* 153 Mich. 348; *G. F. Sanborn Co.* v. *Alston,* 153 Mich. 456; *McRae* v. *Barber,* 167 Mich. 314.

Defendants' contention is untenable that the original title had been cut off by sale to the State and that service of notice on Mrs. Klock was unnecessary, under *Price* v. *Stark,* 259 Mich. 407, which holds that the original title is wholly cut off by valid State tax homestead proceedings. The case is not in point, and the ruling is not to be extended to other situations by apparent analogy of reasoning. Nor does it repeal the statute requiring service on the last-recorded owner of the government chain of title.

Plaintiff is not barred by laches from redeeming from the title of 1907 because no valid notice of reconveyance was served thereunder. *G. F. Sanborn Co.* v. *Alston, supra.*

Defendants did not obtain title by 15 years' adverse possesion. The land was lumbered about 1909 to 1912. Some small timber was taken off in 1920. Some Christmas trees were cut in 1928, and gravel prospected for and removed about 1926 to 1928 and thereafter. Aside from these acts, defendants did nothing indicating actual and adverse possession. The land is wild and uncultivated. It is hunting land in a hunting country. It has had no inclosing fences, buildings, clearings, trespass signs, posted notices, or other *indicia* of ownership. Defendants used it in no other way than they did other hunting lands not belonging to them. Nor did plaintiff know defendants were claiming possession and title. Nor was there anything upon the premises to indicate to plaintiff or others that title was claimed by another. The possession was not actual, notorious, or continuous for the statutory period. *Lasley* v. *Kniskern,* 152 Mich. 244; *Doctor* v. *Turner,* 251 Mich. 175.

Decree affirmed, with costs.

McDONALD, C. J., and CLARK, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.