## BRIGGS v. PREVOST.

1. EJECTMENT—PLAINTIFF MUST RELY ON OWN, NOT WEAKNESS OF DEFENDANT'S, TITLE.

    To prevail in an ejectment proceeding a plaintiff must rely upon the strength of his own title, not on the weakness of defendant's title.

2. SAME—PRIMA FACIE PRIOR TITLE—BURDEN OF PROOF.

    The burden of proof of the invalidity of defendant's alleged prior title, established by a *prima facie* case, is upon the plaintiff in ejectment.

3. TAXATION—BURDEN OF PROVING TAX DEED INVALID.

    Party seeking to avoid a tax deed by direct proceedings for that purpose must substantiate charge of invalidity.

4. SAME—NOTICE OF RECONVEYANCE—DESCRIPTION.

    Description in notice of right to reconveyance from tax deed holder need not be letter perfect.

5. SAME—NOTICE OF RECONVEYANCE—DESCRIPTION—MISLEADING TO OWNER.

    The designation of land in a notice of right to reconveyance from tax deed holder is sufficient if it affords the means of identifica-

tion, does not positively mislead the owner and is not calculated to mislead him.

6. SAME—NOTICE OF RECONVEYANCE—SUFFICIENCY OF DESCRIPTION. Description of quarter section of land in published notice of right to reconveyance from tax deed holder as being in a certain town north of a certain range east of the meridian which could be located only in a certain county although land was not expressly recited as being in such county was not defective where return of sheriff as to inability to make service of notice was prefaced with the name of the county and signed by the sheriff of the county in his official capacity.

Appeal from Gladwin; Brown (William B.), J., presiding. Submitted April 16, 1940. (Docket No. 13, Calendar No. 40,729.) Decided June 3, 1940.

Ejectment by Neva J. Briggs against Medric Prevost and wife. Judgment for defendants. Plaintiff appeals. Affirmed.

*Dayton W. Closser,* for plaintiff.

*Oscar W. Baker, Jr.,* and *Bourke Wilmot,* for defendants.

NORTH, J. This is a suit in ejectment to try title. The land, located in Billings township, Gladwin county, consists of a quarter section, excepting a one-acre school site. The trial judge held as a matter of law that defendants had valid title, and in effect he directed the jury to render a verdict accordingly. This was done and judgment entered thereon. Plaintiff has appealed. The following questions of law are involved: 1. Were defendants required to prove the regularity of the tax proceedings through which the tax deed was obtained which constituted the origin of their title, before the record of that deed was admis-

sible in evidence? 2. Was there a valid notice to redeem from the tax sale served or published?

Regularity of plaintiff's title is not questioned except defendants assert they are the holders of a prior valid title, derived in the following manner. William Woodby took title from the auditor general by a tax deed dated May 29, 1912, recorded April 12, 1913. This deed was incident to sale of the land because of nonpayment of taxes for 1908. At that time William Sherman, from whom plaintiff obtained her alleged title by quitclaim deed in April, 1937, was the owner of the land. Defendants, through mesne conveyances, have record title from Woodby. When defendants offered in evidence the record of the tax deed from the auditor general to Woodby, plaintiff objected on the ground that there was no proof of a valid decree in the tax sale proceedings prior to execution and delivery of the deed to Woodby. The objection was overruled subject to its renewal on motion. On final consideration, there being no showing that the tax sale proceedings were invalid, the court held the record of the tax deed was competent proof, notwithstanding plaintiff's objection.

It is elementary that to prevail in an ejectment proceeding the plaintiff must rely upon the strength of his own title, not on the weakness of defendant's title. *Ridgley* v. *Roma,* 282 Mich. 682. Clearly in such case a plaintiff could not prevail if defendant had a prior valid title. It follows that the burden of proof of the invalidity of defendant's alleged prior title when established by a *prima facie* case is upon the plaintiff in ejectment. "Where a party seeks to avoid a tax deed by direct proceedings for that purpose, it is for him to substantiate the charge of its invalidity." *Morrison* v. *Semer,* 164 Mich. 208, 214. The trial court's ruling was correct.

Appellant's second contention is that the trial court erred in holding defendants had a vested valid title to the land because, appellant asserts, the notice of right to reconveyance by which Woodby sought to perfect his tax title was defective. This notice, directed to William Sherman, was placed in the hands of the sheriff of Gladwin county for service; and on July 10, 1912, he made the following return:

"State of Michigan,
"County of Gladwin—ss.
"I hereby certify and return that after careful search and inquiry I am unable to ascertain the whereabouts or post office address of William Sherman or his heirs, executors, administrators, trustee or guardians of the said William Sherman.
"Dated July 10, A. D. 1912.
"WILLIAM F. SHELL, Sheriff of Gladwin County."

Thereafter notice was published in the Beaverton Clarion, a Gladwin county newspaper. The notice is claimed to be fatally defective because it does not expressly recite that the land is located in "Gladwin county, Michigan." In this connection appellant cites *Tucker* v. *Van Winkle*, 142 Mich. 210; and *Morrison* v. *Semer, supra*. We are of the opinion that in so far as the sufficiency of the notice of the right of reconveyance is concerned, the instant case instead of falling within the rule of the cited cases clearly comes within *Heethuis* v. *Kerr*, 194 Mich. 689, and other of our decisions of like character which hold that descriptions in such notices need not be letter-perfect. In the *Heethuis Case* JUDGE OSTRANDER, writing for the court, said:

"The test must be, I think, in the case where such a notice is published in a newspaper, whether any of the persons to whom it is addressed, reading it, would be sufficiently advised of all facts which the statute

requires the tax title holder to make known to them, and, so tested, this notice as published was, in my opinion, a sufficient one."

Concerning the requisite of accuracy of description, MR. JUSTICE COOLEY in his work on Taxation says:

"A more satisfactory rule would seem to be that the 'designation of the land will be sufficient if it afford the means of identification, and do not positively mislead the owner,' or be calculated to mislead him." Cooley on Taxation (2d Ed.), p. 407.

The above quotation was included with approval in the opinion of this Court in *Auditor General* v. *Sparrow,* 116 Mich. 574, 587.

In the instant case the published notice described the land as "The northeast quarter of section 26 town 17 north range 1 east;" it was signed "W. M. Woodby, place of business, Billings, Michigan;" the sheriff's return of inability to obtain personal service appeared in the published notice and was prefaced "State of Michigan, county of Gladwin;" and this notice was signed "William F. Shell, sheriff of Gladwin county." The only county in which township 17 north range 1 east could be located is Gladwin county. In respect of the substance of this notice the instant case is quite on all fours with *Heethuis* v. *Kerr, supra.* In that case it was held the notice of right of reconveyance was not rendered invalid because it did not state the land was located in the State of Michigan. Among other decisions in accord with the *Heethuis Case* are the following: *In re Petition of Auditor General,* 260 Mich. 578; *Cooper* v. *Durham,* 235 Mich. 47; *Auditor General* v. *Sparrow, supra.*

We are mindful this Court said in *Curry* v. *Larke,* 153 Mich. 348: "We agree with the circuit judge that the indorsements upon the notices (of right of recon-

veyance) were no part of the statutory notice and the decrees dismissing the bills of complaint are affirmed.'' But these notices were personally served and the only reference to State or county was on the backs of the printed forms where appeared: ''State of Michigan, County of —————'' and in this blank space was written ''Presque Isle.'' Thus on the face of the notices served no valid description of the land appeared, nor was the land identified by the notices as being property located in Presque Isle county, Michigan. But in the notice in the instant case, which was published in a Gladwin county newspaper, sufficient did appear on the face of the publication to challenge attention to the fact that this land was in Michigan and necessarily in Gladwin county because it was described as being within township 17, north range 1 east; and further the return of no service was by the sheriff of Gladwin county.

As against any objection urged by plaintiff, defendants are shown by this record to be possessed of a valid title to the land in suit. It therefore is not necessary to consider other questions briefed, since none of such questions challenge defendants' title. The holding of the circuit judge was correct and the judgment entered in the circuit court is affirmed. Costs to appellees.

BUSHNELL, C. J., and SHARPE, POTTER, CHANDLER, McALLISTER, WIEST, and BUTZEL, JJ., concurred.